NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3659/0647
     Facsimile: (213) 894-0141
     E-mail:    katherine.rykken@usdoj.gov
                veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>            Plaintiff, <br><br>        v. <br><br> CARLOS MIGUEL FERNANDEZ, <br>  aka "the38superman," <br> EDWARD YASUSHIRO ARAO, <br> BIANCA ELIZABETH IBARRIA, <br> ADALBERTO DEJESUS VASQUEZ <br>   PELAYO, JR., <br> OSCAR MORALES CAMACHO, SR., and <br> OSCAR MARAVILLA CAMACHO, JR., <br><br>            Defendants. | No. CR 18-121-SJO <br><br> STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION <br><br> PROPOSED ORDER FILED SEPARATELY |

   Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys KATHERINE A. RYKKEN and VERONICA DRAGALIN, and defendants CARLOS MIGUEL FERNANDEZ, EDWARD YASUSHIRO ARAO, BIANCA ELIZABETH IBARRIA, ADALBERTO DEJESUS

1  VASQUEZ PELAYO, JR., OSCAR MORALES CAMACHO, SR., and OSCAR MARAVILLA
2  CAMACHO, JR. ("defendants"), by and through his/her counsel of
3  record, as set forth below (collectively the "parties"), for the
4  reasons set forth below, hereby stipulate, agree, and request that
5  the Court enter a protective order in this case restricting the use
6  and dissemination of personal identifying information of real
7  persons pursuant to Federal Rule of Criminal Procedure Rule
8  16(d)(1), as set forth below.

     1.  On March 8, 2018, the grand jury returned an indictment against defendants in <u>United States v. Carlos Miguel Fernandez, et al.</u>, CR 18-121-SJO.  Defendants are charged with violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 922(a)(1)(A) (Engaging in the Business of Dealing in Firearms Without a License); 18 U.S.C. § 924(a)(1)(A) (False Statement in a Federal Firearm Licensee's Records During Purchase of a Firearm); and 18 U.S.C. § 2 (Aiding and Abetting and Causing an Act to be Done).  Defendants are released on bond pending trial.

     2.  As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendants, and seeks to provide those documents to counsel for defendants (although some of the materials may exceed the scope of the government's discovery obligations).

     3.  The government intends to produce to the "defense team" (defined below) materials related to personal identifying information of real persons, including, among other things, personal names, addresses, Social Security numbers, and bank account numbers. The purpose of the proposed protective order is to prevent the unauthorized dissemination, distribution, or use of materials

containing the personal identifying information of others.  If this information is disclosed to defendant without limitation, it will risk the privacy and security of the information's legitimate owners.  The government has an ongoing obligation to protect these victims and third parties.  The government cannot simply produce to defendant an unredacted set of discovery containing this information.

    4.   Personal identifying information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise his/her client, or prepare for trial.

    5.   The parties recognize that the materials containing personal identifying information that the government produces to the defense pursuant to the proposed protective order are solely for the use of defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

    6.   Accordingly, the parties jointly request a protective order that will permit the government to produce discovery that is unredacted, but preserves the privacy and security of victims and third parties while placing limitations on defendants' access to the discovery without the defense team present.

7. The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the defense to understand the government's evidence against these defendants:

    a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

    b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendant, his/her family members, or any other associates of defendant.

    c. Defendants' respective counsel of record agrees to advise all members of the defense team of their obligations under

4

the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

   d. The government is authorized to provide defendants' respective counsel of record with Protected Information marked with the following legend: "PROTECTIVE ORDER." If any defendant objects to any such designation, he/she may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

   e. Defendants may review Protected Information in this case only in the presence of a member of the defense team, and his/her counsel of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order. Defendants may see and review Protected Information in the presence of a member of the defense team, but defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Defendants must return any Protected Information to the defense team at the conclusion of any meeting at which defendants are permitted to view the Protected Information. Defendants may not take any Protected Information out of the room in which they are meeting with the defense team. Defendants may not write down or memorialize any PII contained in the Protected Information. At the conclusion of any meeting with defendants, the member of the defense team present shall take with him or her all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendants, whether he/she is incarcerated or not.

    f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself/herself.

    g. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case, including defendants. Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

    h. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendants as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

    i. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

   j. The defense team shall use Protected Information and materials otherwise identified as containing PII only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing PII with the Court or divulge the contents of such materials in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII and make all reasonable attempts to limit the divulging of PII.

   k. The parties also agree that any PII produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

   l. Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing PII shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as

containing PII to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

      m.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing PII may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all Protected Information and materials otherwise identified as containing PII.

    8.   Defense counsel have conferred with defendants regarding this stipulation and the proposed order thereon, and defendants agree to the terms of the proposed order.

///
///
///
///
///
///
///
///
///

9. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: April 4, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Katherine A. Rykken*
KATHERINE A. RYKKEN
VERONICA DRAGALIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: April 17, 2017

Signature page attached
AMBROSIO E. RODRIGUEZ
Attorney for Defendant CARLOS MIGUEL FERNANDEZ

Dated: April 4, 2017

*/s/ via email authorization*
EDWARD M. ROBINSON
LISA HOULÉ
Attorneys for Defendant EDWARD YASUSHIRO ARAO

Dated: April 6, 2017

*/s/ via email authorization*
RICHARD P. LASTING
Attorney for Defendant BIANCA ELIZABETH IBARRIA

Dated: April 4, 2017

Signature page attached
MARK CHAMBERS
Attorney for Defendant ADALBERTO DEJESUS VASQUEZ PELAYO, JR.

Dated: April 4, 2017              Signature page attached
                                  JOHN TARGOWSKI
                                  Attorney for Defendant OSCAR MORALES
                                  CAMACHO, SR.


Dated: April 4, 2017              Signature page attached
                                  ANDRE TOWNSEND
                                  Attorney for Defendant OSCAR
                                  MARAVILLA CAMACHO, JR.

9. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: April 4, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Katherine A. Rykken*
KATHERINE A. RYKKEN
VERONICA DRAGALIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: April 4, 2017

AMBROSIO E. RODRIGUEZ
Attorney for Defendant CARLOS MIGUEL FERNANDEZ

Dated: April 4, 2017

*/s/ via email authorization*
EDWARD M. ROBINSON
LISA HOULÉ
Attorneys for Defendant EDWARD YASUSHIRO ARAO

Dated: April 4, 2017

RICHARD P. LASTING
Attorney for Defendant BIANCA ELIZABETH IBARRIA

Dated: April 4, 2017

Signature page attached

MARK CHAMBERS
Attorney for Defendant ADALBERTO DEJESUS VASQUEZ PELAYO, JR.

9. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: April 4, 2018    NICOLA T. HANNA
                        United States Attorney

                        LAWRENCE S. MIDDLETON
                        Assistant United States Attorney
                        Chief, Criminal Division


                        _____
                        KATHERINE A. RYKKEN
                        VERONICA DRAGALIN
                        Assistant United States Attorneys

                        Attorneys for Plaintiff
                        UNITED STATES OF AMERICA


                        _____
Dated: April 4, 2017    AMBROSIO E. RODRIGUEZ
                        Attorney for Defendant CARLOS MIGUEL
                        FERNANDEZ


                        _____
Dated: April 4, 2017    EDWARD M. ROBINSON
                        LISA HOULÉ
                        Attorneys for Defendant EDWARD
                        YASUSHIRO ARAO


                        _____
Dated: April 4, 2017    RICHARD P. LASTING
                        Attorney for Defendant BIANCA
                        ELIZABETH IBARRIA


                        _____
Dated: April 4, 2017    MARK CHAMBERS
                        Attorney for Defendant ADALBERTO
                        DEJESUS VASQUEZ PELAYO, JR.

Dated: April 4, 2017

_____
JOHN TARGOWSKI
Attorney for Defendant OSCAR MORALES CAMACHO, SR.

Dated: April 4, 2017

Signature page attached
ANDRE TOWNSEND
Attorney for Defendant OSCAR MARAVILLA CAMACHO, JR.

10

Dated: April 4, 2017

JOHN TARGOWSKI
Attorney for Defendant OSCAR MORALES CAMACHO, SR.

Dated: April 4, 2017

ANDRE TOWNSEND
Attorney for Defendant OSCAR MARAVILLA CAMACHO, JR.