**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| USA | CASE NO:<br>2:18−cr−00121−SJO |
| Plaintiff(s), | |
| v. | **DISCOVERY AND TRIAL ORDER IN CRIMINAL CASES BEFORE JUDGE S. JAMES OTERO UNITED STATES DISTRICT JUDGE** |
| CARLOS MIGUEL FERNANDEZ, et al. | |
| Defendant(s). | |

**READ THIS ORDER CAREFULLY.**

**IT CONTROLS THIS CASE AND**

**DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The Clerk is ordered to serve a copy of this Order personally or by mail on all counsel for parties to this action. This Order is subject to change at any time. It is the responsibility of counsel to refer to this Court's Procedures and Schedules found on the Court's website (www.cacd.uscourts.gov) to obtain the operative order(s).

This case has been assigned to the calendar of The Honorable S. James Otero. To obviate unnecessary motions for discovery in criminal actions, proceedings, matters, or cases assigned to the undersigned Court for trial, the Court notes the following (unless the court orders otherwise):

1. **Court Hours**:  Criminal motions are heard on Mondays at 10:00 a.m. (If Monday is a holiday, the next motion  date is Tuesday following the Monday holiday.) It is not necessary to clear a motion date. Motions *in limine* are heard on the **FIRST DAY OF TRIAL**.

2. **Location**:  Judge Otero's courtroom is located at the First Street Courthouse: Courtroom 10C, United States District Court, 350 West 1st Street, 10th Floor, Los Angeles, California 90012.

3. **Telephone Inquiries**:  Telephone inquiries regarding the status of a motion, stipulation or proposed order will **not** be returned.

   a.   Counsel may, however, sign-up for Pacer access to monitor the clerk's database. *See* www.cacd.uscourts.gov > General Information > Pacer Access.

   b.   Counsel are referred to the clerk's website, at www.cacd.uscourts.gov > Judges' Requirements > Judges' Procedures and Schedules > Hon. S. James Otero, for further information regarding the Court's preferences.

   c.   Judge Otero's generic e-mail address is **sjo_chambers@cacd. uscourts.gov.**

4. **Communications with Chambers**:  If counsel call to request information that can be obtained from the Court's 24-hour automated calling system or website at www.cacd.uscourts.gov, such calls will not be returned.

   a.   For the 24-hour automated calling system, please call the appropriate number below:

      i.    Western Division at Los Angeles (213) 894-1565;

      ii.   Eastern Division at Riverside (951) 328-4450; or

      iii.  Southern Division at Santa Ana (714) 338-4750.

   b.   Counsel may access the Court's website for local rules, filing procedures, judges' procedures and schedules, calendars, forms, and other information. Counsel are not to initiate telephone calls to

Judge Otero's chambers, law clerks or judicial assistant. However, if counsel need to contact the Courtroom Deputy Clerk, Victor Cruz, Mr. Cruz may be reached at **(213) 894-1796** or via e-mail at **victor_cruz@cacd.uscourts.gov**.

    c.    Counsel are ordered to list their facsimile transmission number along their address, telephone number, and e-mail address on all papers submitted to the Court in order to facilitate communication by the Court.

**5.**    **Calendar Conflicts**:  If there is a calendar conflict, counsel are to inform the Courtroom Deputy Clerk prior to the date of the conflict and are to follow the Local Rules ("L.R.") and Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

**6.**    **Transcripts**:  For questions regarding transcripts, contact Court Reporting Services at **transcripts_cacd@cacd.uscourts.gov** or **(213) 894-3015**. The Court uses a court reporter, Carol Zurborg, who may be reached at **(213) 894-3539**.

**7.**    **Mandatory Chambers Copies**:  Mandatory chambers copies are required for e-filed documents. One mandatory chambers copy must be delivered to the Judge's mail box outside the Clerk's Office on the 4th floor of the First Street Courthouse, by 12 noon the day after the document was e-filed. This mandatory chambers copy must be blue-backed and two-hole punched as if it were a manual filing, and the caption page must indicate the date and time the document was e-filed (place date and time of filing below title of filing on the caption page).

**8.**    **Documents Exempt from E-Filing**:  All original filings not subject to the e-filing requirements must be presented to the Clerk in paper format (an original and one copy), to be filed at the Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Room 178,,

Los Angeles, California 90012, NOT in chambers and NOT in the courtroom.

**9.** **Filing Under Seal**:  The parties shall make every effort to limit the number and volume of under seal filings. In most circumstances, parties should seek to file under seal only the specific exhibits or documents for which there is a valid basis for filing under seal. When seeking the Court's approval for an under seal filing, the submitting party shall electronically file an Ex Parte Application to Seal and proposed Order through the Court's CM/ECF System pursuant to Local Criminal Rule 49-1. The Ex Parte Application and proposed Order shall not contain the information the party seeks to file under seal. The party seeking permission to file under seal shall submit to the Court's generic chambers e-mail address (**sjo_chambers@cacd.uscourts.gov**) PDF versions of the Ex Parte Application, proposed Order, Declaration in Support of Ex Parte Application stating the reason for the under seal filing, and the document(s) and/or exhibit(s) the party seeks to file under seal. The party shall also submit a Word or WordPerfect version of the proposed Order to **sjo_chambers@cacd.uscourts.gov**. Unless otherwise ordered by the Court, the submitting party shall deliver a Mandatory Chambers Copy of the Ex Parte Application, proposed Order, Declaration in Support of Ex Parte Application, and the document(s) and/or exhibit(s) the party seeks to file under seal to the Judge's mail box outside the Clerk's Office (First Street Courthouse, 4th Floor), no later than 12:00 p.m. on the following business day. In camera submissions shall also be delivered to the Judge's mail box outside the Clerk's Office.

**10.** **Preparation of Documents/PDF**:  Counsel shall adhere to Local Rule 5-4.3.1 with respect to the conversion of all documents to a PDF so that when a document is electronically filed, it is in the proper size and format that is PDF searchable.

///

**11. Discovery and Discovery Cut-Off**:

    a.    Counsel for the government and counsel for defendant shall comply promptly with discovery and notice pursuant to Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 12.4, 15, and 16.

    b.    Discovery by Defendant: Within seven (7) days of the trial setting of any criminal action, proceeding, matter or case, the United States Attorney, or an Assistant United States Attorney, and the defendant's attorney shall meet and confer, and upon request of the attorney for the defendant, the government shall provide defendant's attorney with:

        i.    **Statement of Defendant**:  The government shall disclose to defendant's attorney its intent to use any statements or confessions made by the defendant. If defendant questions the admissibility of such statement or confession, the hearing required by *Jackson v. Denno*, 378 U.S. 368 (1964), shall be held on the day of trial prior to the opening statements of counsel. The government shall permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or may become known, to the attorney for the government. The government shall advise defendant's attorney of the substance of an oral statement available to the government in response to any interrogation by an employee or agent of any agency, local, state, or federal, or private source involved in the investigation or reporting of the offense(s) charged in the information/indictment.

        ii.    **Reports or Examinations and Tests**:  The government

shall permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of specific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or may become known, to the attorney for the government and which are material to the defendant's case.

iii.   **Testimony Before the Grand Jury**:  The government shall permit defendant's attorney to inspect and copy or photograph any relevant recorded testimony of the defendant before a grand jury.

iv.   **Documents and Tangible Objects**:  The government shall permit defendant's attorney to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government.

v.   **Prior Record**:  The government shall make known to attorney the defendant's prior criminal record in the possession of the attorney for the government.

vi.   **Evidence Favorable to the Defendant**:  The government shall permit defendant's attorney to inspect, copy or photograph any evidence favorable to the defendant.

vii.   **Electronic Surveillance**:  The government shall advise defendant's attorney of the existence or non-existence of any evidence in the possession of the government obtained as the result of any electronic surveillance or wiretap.

       viii.    **Informers**:  The government shall advise defendant's attorney of the contemplated use of informer testimony (fact of informer only, not name or testimony).

       ix.    ***Brady* Material**:  The government shall permit defendant's to inspect and copy or photograph all material within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

       x.    **Expert Witnesses**:  The government shall permit defendant's attorney to inspect and copy or photograph a written resume of the qualifications of any expert witness which the government intends to call in the case in chief together with a statement of the substance of such expert's expected testimony.

c.    If, in the judgment of the government, it would not be in the interest of justice to make any one or more disclosures set forth in paragraph (b) and requested by defendant's counsel, disclosure may be declined, and defense counsel is advised to immediately bring a formal noticed motion to the Court.

d.    **Discovery by Government**:

       i.    **Expert Witnesses**:  The defendant's attorney shall at the conference disclose to the government a written resume of the qualifications of any expert witness which the defendant intends to call in his case in chief together with a statement of the substance of such expert's expected testimony.

       ii.    **Scientific or Medical Reports**:  The defendant's attorney shall at the conference disclose to the government the results (original or a copy) of any scientific or medical

1       report which defendant intends to use in the presentation

2       of his case in chief.

3       iii.   **Defense of Alibi**: The government shall at the conference

4       notify defendant in writing of the specific time, date

5       and place at which the offense/offenses charged in the

6       information/indictment is/are alleged to have been committed.

7       (1)   Defendant shall in writing, within three (3) days

8       thereafter, notify the government of the specific

9       place at which he claims to have been at the time of

10       the alleged offense/offenses to which a defense of

11       alibi will be addressed and the names and addresses

12       of the witnesses upon whom he intends to establish

13       such alibi.

14       (2)   Within five (5) days thereafter or such other time

15       as the Court may direct, the government shall

16       inform the defendant of the names and addresses

17       of the witnesses upon whom the government

18       intends to establish defendant's presence at the

19       scene of the alleged offense/offenses.

20       (3)   Failure to comply with the time limits set forth herein

21       invoke the sanction provided in Fed. R. Crim. P. 12.1(e)

22       iv.   **Defense Based on Mental Condition**: The defendant's

23       attorney shall at the conference disclose to the government

24       in writing that the defendant will rely upon the defense of

25       insanity at the time of the alleged crime, or of mental

26       disease, defect or other condition bearing upon whether

27       he had the mental state required for the offense/offenses

28       charged.

(1)     Notice of such claimed defense shall also be filed with the Clerk.

(2)     Failure to give such notification in writing shall involve the sanctions set forth in Fed. R. Crim. P. 12.2(d).

v.     **Entrapment**:  The defendant's attorney shall at the conference disclose to the government that defendant will rely on the defense of the procurement of government employees or agents to commit the offense/offenses charged in the information/indictment.

e.     **Report of Conference**:  Within five (5) days of the completion of the conference required herein, the parties shall file a Joint Statement:

i.     That the prescribed conference was held;

ii.    The date of the said conference;

iii.   The name of the Assistant United States Attorney with whom the conference was held;

iv.    The contested matters of discovery and inspection and any additional discovery or inspection desired by the defendant;

v.     The fact of disclosure of all material favorable to the defendant or the absence thereof within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and related cases;

vi.    The resolution of foundational objections to documentary evidence proposed to be used by both parties (except for the purposes of impeachment);

vii.   The resolution of chain of custody (where in issue); and

viii.  The resolution of the admissibility of scientific analysis without of calling the expert at the trial.

f.     **Continuing Duty of Counsel**:  Any duty of disclosure and discovery

set forth herein is a continuing one.

g.   **Objections to Evidence**:  Unless specific objection to the evidentiary
foundation of any document, photograph, book, paper, or other
tangible object disclosed by the required conference of counsel is
made in the report to the Court hereafter required to be filed, it shall
be deemed that the requirement of foundation (including chain of
custody) for the introduction of such evidence at trial is waived.

i.   If a report produced at the required conference of counsel
contains the result of a scientific test, performed by a
competent expert witness (as shown by a resume) is not
objected to in the report to the Court hereafter required to
be filed, an objection to the admissibility of said report in lieu
of the testimony of the expert performing such scientific
test shall be deemed to have been waived.

h.   This order is not intended to preclude discovery by the government
pursuant to Fed. R. Crim. P 16(c).

i.   It shall be the joint duty of counsel for the defendant and the
government to schedule and hold the conference contemplated
herein.

i.   The government shall assure time and availability for
such conference within the time herein provided unless
the discovery conference is waived in writing by defendant
and his counsel and such waiver is filed with the Court.

ii.  Counsel for defendant shall (1) have reviewed all the
disclosures made and received, and (2) had sufficient
discussion with his/her client and the government by the
time of the first status conference with the Court to enable
counsel to meaningfully discuss with the Court at said

status conference the disposition and likelihood of trial
of this case.

      iii.     The government shall be represented at all status conferences
with the Court by the Assistant United States Attorney
who is assigned to the trial of the case, and who is most
knowledgeable about the aforesaid matters, as well as any
other matters scheduled for discussion with the Court at the
status conferences.

**12.  Trial**

   a.   **Last Conference Prior to Trial**:  Before trial commences, the
Court will give counsel an opportunity to discuss administrative
matters and anticipated procedural or legal problems. At that time,
we will discuss *voir dire* procedures, *Batson* objections, and any
any unusual factors. Counsel for the government shall bring to the
meeting the Attached Trial Witness Estimate Form which counsel
for each party shall have completed. In the event defendant's
counsel has not provided estimates for cross-examination, she or
he will have to do so at the Last Conference.

   b.   Counsel shall arrive at the courtroom thirty (30) minutes before the
scheduled trial time on the first day of trial.

   c.   Defense counsel MUST present appropriate number of copies of
of exhibits for all parties to the action.

   d.   Counsel for the government shall present the Courtroom Deputy
Clerk with the following documents on the first day of trial:

      i.     **Three (3) clean, un-filed copies** of the government's witness list.

      ii.     **Three (3) clean, un-filed copies** of the of the government's
exhibit list in the form specified in L.R. 16-6 (Civil).

      iii.     **All of the government's exhibits**, with official exhibit tags

attached and bearing the same number shown on the exhibit list.

(1) Defendant's counsel does not have to deliver his or or her exhibits to the Courtroom Deputy Clerk on the first day of trial; however, defendant's counsel is responsible for affixing completed exhibit tags with the case name and case number to his or her exhibits which are intended to be used in the defendant's case.

(2) Exhibit tags can be obtained from the Clerk's Office on the 4th Floor of the First Street Courthouse, or at 312 North Spring Street, Room G-8.

(3) Exhibits shall be numbered 1, 2, 3, 4, etc., NOT 1.1, 1.50, etc. Counsel for both (all) sides should agree on the range of numbers to be assigned (e.g., Government exhibits to be 1-99, Defendant One to to be 100-199; Defendant Two 200-299, etc.) If a blow up is an enlargement of an existing, it shall be designated with the number of the original exhibit followed by an "A".

(4) Counsel for the government should be aware that the Court will order that exhibits such as firearms, narcotics, etc., remain in the custody of the agent(s) during the pendency of the trial. The agent(s) will be required to sign the appropriate form in order to take custody of such exhibits. It shall be the responsibility of the agent(s) to produce said items for the Court, secure them at night and guard them at all times while in the courtroom.

iv.  A **Bench Book**, containing a copy of all exhibits that can be reproduced.

   (1)  Each exhibit shall be tabbed with the exhibit number for easy referral. Defendant's counsel shall provide the Court with a copy of their exhibits as they are introduced during trial.

v.  **Exhibit List**:  The exhibit list shall be e-mailed to the Courtroom Deputy Clerk in Word or WordPerfect format. A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Government and defense counsel shall review and approve the exhibit list with the Courtroom Deputy Clerk prior to it being given to the jury.

vi.  **Witness List**:  Counsel for the government shall submit a witness list listing each witness. Counsel shall identify witnesses who will actually testify at trial.

   (1)  **Trial Witness Estimate**: The witness list and summary must give accurate time estimates for each witness to conduct direct, cross, re-direct and re-cross. Counsel shall include a summary of the testimony of each witness. If more than one witness is offered on the same subject matter, the witness summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.

   (2)  The list shall be substantially in the form indicated by following example:

///

///

///

CASE:_____                TRIAL DATE_____

| Witness Name | Party Calling Witness and Estimate | Cross Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|
|  |  |  |  |  |

      vii.   **Witness Statement**:  The government shall file with the Court *in camera* a list of the statements of all witnesses to be called by the government in its case in chief.

        (1)    Such statement shall be filed at least ten (10) days before trial.

        (2)    Such statement shall include the name of the person taking the statement.

        (3)    Failure to file such statement with the Court may, at the discretion of the Court, preclude the presentation testimony of any witness whose statement has been previously taken and available to the government.

e.    If counsel need to arrange for the installation of their own additional equipment, such as a video monitor, overhead projector, etc., please refer to the Court's website (www.cacd.uscourts.gov) or contact the Courtroom Technology Help Desk at (213) 894-3061 in order to make any necessary arrangements.

f.    Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. During the trial, if there are any matters counsel wish to discuss, counsel shall inform the Courtroom Deputy Clerk.

g.    The trial before the jury shall commence promptly at 8:30 a.m. or earlier at the direction of the Court. Counsel are urged to anticipate matters which may need discussion or hearing outside of the presence of the jury and to raise them during this period, during breaks, or

at the end of the day.

    h.    Counsel are ordered to e-mail courtesy copies of all trial documents to the Courtroom Deputy Clerk.

**13.**    **Joint Statement**:  Counsel shall file their Joint Statement of the Case which the Court shall read to all prospective jurors prior to the commencement of of *voir dire*. The statement shall not exceed one page. The Joint Statement is to be submitted no later than the **WEDNESDAY OF THE WEEK PRIOR TO TRIAL**.

**14.**    **Jury Instructions and Verdict Forms**

    a.    **Jury Instructions**: Counsel must submit proposed SUBSTANTIVE and GENERAL instructions, as well as e-mail to the Court at **sjo_chambers@cacd.uscourts.gov** Word or WordPerfect versions of the proposed instructions.

        i.    In those cases where a special verdict is desired, counsel shall submit a proposed verdict form with the jury instructions.

    b.    The parties must submit **joint jury instructions** and a **joint proposed verdict form** (if a special verdict is desired). In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing upon instructions and verdict forms. The jury instructions shall be submitted as follows:

        i.    JOINT JURY INSTRUCTIONS, those instructions which are agreed to by all parties; and

        ii.    DISPUTED JURY INSTRUCTIONS, those instructions propounded by a party to which another party objects.

        iii.    Objections to disputed instructions shall be filed no later than the <u>Friday before the trial</u>. Each requested jury instruction shall be numbered and set forth in full on a

separate page, citing the authority or source of the requested instruction.

c.   The Court prefers counsel to use the instructions from the MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, West Publishing, latest edition. Another suggested source is FEDERAL JURY PRACTICE AND INSTRUCTIONS, Devitt, Blackmar, Wolff and O'Malley, West Publishing Co., latest edition.

d.   The Court will send several copies of the jury instructions into the jury room for use by the jury during deliberations. Accordingly, in addition to the filed copies, an extra set of the proposed instructions shall be submitted to the Court with only the text of an instruction on each page (i.e., no titles, supporting authority, indication of party proposing, etc.). This will be referred to as the "Jury Copy" of the instructions. (Duplicates will be made by the Court.)

e.   **Special Verdict**:  If counsel seek a special verdict, counsel shall follow the procedure set forth in paragraphs b and c in order to formulate a Joint Proposed Verdict Form. Counsel shall submit the proposed verdict form with the proposed jury instructions. as well as e-mail to the Court a Word or WordPerfect version of the proposed verdict form.

f.   An **Index Page** shall accompany all jury instructions that are submitted to the Court. The index shall indicate the following:

i.   The number of the instruction;

ii.   A brief title of the instruction;

iii.   The source of the instruction; and

iv.   The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Duty of the Jury | 9th Cir. 1.01 | 5 |

**15.   Instructions Governing Procedure During Trial**

    a.    Criminal trials are held Monday through Friday from 8:30 a.m. to

           to 11:30 a.m. and from 1:00 p.m. to 4:00 p.m.

    b.    Opening statements, examination of witnesses, and closing arguments

           should be made from the lectern only.

    c.    Counsel shall not refer to their clients or any witness by their first

           during trial.

    d.    Counsel shall not discuss the law or argue the case in opening

           statements.

    e.    When objecting, counsel shall state only that counsel is objecting

           and the legal ground of the objection, e.g., hearsay, irrelevant, etc.

           Counsel shall *not* argue an objection before the jury.

    f.    Counsel shall *not* approach the Courtroom Deputy Clerk or the

           box without the Court's permission.

    g.    Counsel shall return to the lectern when his or her purpose has

           been accomplished.

    h.    Counsel shall not enter the well of the Court without the Court's

           permission.

    i.    Counsel shall rise when addressing the Court. In jury cases, please

           rise when the jury enters or leaves the courtroom.

    j.    Counsel shall address all remarks to the Court.

    k.    Counsel shall not directly address the Courtroom Deputy Clerk,

           the reporter, or opposing counsel.

    l.    If counsel wish to speak with opposing counsel, counsel shall ask

           permission to talk to counsel **OFF THE RECORD**.

m.   All requests for the re-reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the Court.

n.   Counsel shall not make an offer of stipulation unless counsel has conferred with opposing counsel and reached an agreement.

o.   Any stipulation of fact will require the defendant's personal and shall be submitted to the Court in writing for approval.

p.   A proposed stipulation shall be explained to him or her in advance.

q.   While the Court is in session, counsel shall not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

r.   When a party has more than one lawyer, only one may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

s.   If a witness was on the stand at a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

t.   Counsel shall not run out of witnesses. If counsel is out of witnesses and there is more than a brief delay, the Court may deem that counsel has rested.

u.   The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be out of sequence. Counsel should anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel shall confer with the Court in advance.

v.   Counsel are advised to be on time as the Court starts promptly.

w.   Counsel should not by facial expression, nodding, or other conduct exhibit any opinions, adverse or favorable, concerning any testimony

1   which is being given by a witness. Counsel should similarly admonish

2   their own clients and witnesses to avoid such conduct.

3      x.   SPEAK UP when making an objection, the acoustics in the courtroom

4   make it difficult for all to hear an objection when it is being made.

5      y.   ***Voir Dire***:  At least four (4) court days prior to trial, each counsel

6   shall file with the Clerk and served on opposing counsel any

7   special question requested to be put to prospective jurors on *voir*

8   *dire*. The parties need not submit requests for standard *voir dire*

9   questions, such as education, current occupation, marital status,

10   prior jury service, etc., but should include only proposed questions

11   specifically tailored to the parties and issues of the case.

12   **16.   Motions and Motion Cut-Off Date**:  Unless the Local Rules prescribe a

13   different time for filing a particular motion, all pretrial motions, except

14   motions governed by Local Criminal Rule 12-1, shall be filed and served

15   not later than twenty-one (21) days before the trial and set for hearing not

16   later than the Monday eight (8) days prior to trial at 10:00 a.m., or otherwise

17   allowed by the Court. Motions *in limine* are heard on the first day of trial,

18   unless otherwise ordered by the Court. Counsel's estimate of the time

19   required for presentation of the motion must be set forth adjacent to the

20   caption.

21      a.   The party opposing the motion shall file a response not later than

22   fourteen (14) days before trial or not later than seven (7) days

23   after service of the motion, whichever is earlier, or as otherwise

24   allowed by the Court. Responding counsel's estimate of the time

25   required for presentation of opposition of the motion must be set

26   forth in the caption of the responding papers.

27      b.   All criminal law and motion matters shall be filed on the electronic

28   filing system.

c.  Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed twelve (12) pages. Only in rare instances and for good cause shown will the Court grant an application to extend page limitations. No supplemental brief shall be filed without proof of leave of Court. Typeface shall comply with L.R. 11-3.1.1. (Civil). **NOTE**: If the Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12. Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly. Filings which do not conform to the Local Rules and this Order will not be considered.

17. **Motions to Supress**:  Motions to Suppress must be filed thirty-five (35) days prior to the trial date and set for hearing two (2) weeks prior to the trial date at 10:00 a.m.

18. **Sentencing Proceedings**:  Sentencing proceedings are conducted pursuant to Fed. R. Crim. P. 32(i) of the Federal Rules of Criminal Procedure and the Local Criminal Rules. If any party wishes to present material to the Court related to the sentencing, such party must file, or otherwise make available to, and serve opposing counsel/parties and the assigned United States Probation Officer, such information or evidence no later than **two (2) weeks** before the scheduled sentencing hearing. The foregoing notwithstanding, a statement of each party's position concerning sentencing shall be filed, or otherwise made available, and served no later than two (2) weeks before the sentencing hearing and the proof of service shall reflect service on the Probation Officer. The Probation Officer must be able to prepare and disclose any addendum that may be required in response to new information and/or evidence and/or a party's sentencing position. Failure to timely file or present and serve such information or evidence or statement of position may result in such

information not being considered by the Court in imposing a defendant's sentence.

If any item regarding pretrial or trial is not specifically addressed in this Order, the Local Rules and Federal Rules of Criminal Procedure shall be observed. The Court thanks counsel and the parties for their anticipated cooperation.

**IT IS SO ORDERED.**

DATED: November 30, 2018                     /s/ *S. James Otero*
                                                                    S. James Otero
                                                                    United States District Judge