NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3659/0647
    Facsimile: (213) 894-0141
    E-mail:   katherine.rykken@usdoj.gov
               veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>CARLOS MIGUEL FERNANDEZ, et al.,<br><br>      Defendants. | No. CR 18-121(A)-SJO<br><br><u>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING COOPERATOR INFORMATION</u><br><br>PROPOSED ORDER FILED SEPARATELY |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Katherine A. Rykken and Veronica Dragalin, and defendants CARLOS MIGUEL FERNANDEZ, EDWARD YASUSHIRO ARAO, BIANCA ELIZABETH IBARRIA, OSCAR MORALES CAMACHO, SR., OSCAR MARAVILLA CAMACHO, JR., RAFAEL RUBEN CAMACHO MARAVILLA, and RAUL CERVANTES CORONA ("defendants"), by and through his/her counsel of record, as set forth below (collectively the "parties"), for the

reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of information related to cooperating witnesses who may testify at the trial in this case, as set forth below.

1. On October 31, 2018, the grand jury returned a first superseding indictment against defendants in <u>United States v. Carlos Miguel Fernandez, et al.</u>, CR 18-121(A)-SJO. Defendants are charged with violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 922(d) (Disposing of a Firearm to a Prohibited Person); 18 U.S.C. § 922(a)(1)(A) (Engaging in the Business of Dealing in Firearms Without a License); 18 U.S.C. § 924(a)(1)(A) (False Statement in a Federal Firearm Licensee's Records During Purchase of a Firearm); and 18 U.S.C. § 2 (Aiding and Abetting and Causing an Act to be Done). Defendants are released on bond pending trial.

2. The government intends to produce to the "defense team" (defined below) materials related to cooperating witnesses who participated in the investigation of this case and who may testify at trial (collectively referred to as the "Protected Information"). The Protected Information could be used to identify the cooperating witnesses. The purpose of this proposed protective order is to prevent the unauthorized dissemination or distribution of this Protected Information, which dissemination the government believes may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. The parties recognize that the Protected Information that the government produces to the defense pursuant to the proposed protective order is solely for the use of defendant, his/her

attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

    4.    Accordingly, the parties jointly request a protective order that will permit the government to produce discovery related to the cooperating witnesses, but preserves the security of the cooperating witnesses by placing limitations on the use of discovery and on defendant's access to the discovery without defense counsel present.

    5.    The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve the government's interest in preserving the effectiveness and safety of cooperating witnesses, while permitting the defense to understand the government's evidence against defendant:

    a.    For purposes of the Protective Order, the term "confidential materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

    b.    For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4)

retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendant, his/her family members, or any other associates of defendant.

      c.   Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

      d.   The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "SUBJECT TO PROTECTIVE ORDER."  If defendant objects to any such designation, he/she may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      e.   Defendant may review Protected Information in this case only in the presence of a member of the defense team, and the defense team shall ensure that defendant is never left alone with any discovery subject to the Protective Order.  Defendant may see and review Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time.  Defendant must return any Protected Information to a member of the defense team at the conclusion of any meeting at which

4

defendant is permitted to view the Protected Information. Defendant may not take any Protected Information out of the room in which he/she is meeting with the defense team. Defendant may not write down or memorialize any confidential materials contained in the Protected Information. At the conclusion of any meeting with defendant, the defense team shall take with him/her all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, whether he/she is incarcerated or not.

      f.    The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself/herself.

      g.    The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case, including defendant, subject to the requirement above that a member of the defense team must be present if Protected Information is being shown to defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

      h.    The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to

see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

      i.    To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j.    The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the confidential materials and make all reasonable attempts to limit the divulging of confidential materials.

      k.    The parties also agree that any confidential materials produced in the government's discovery prior to the date of the

Protective Order shall be deemed covered by the terms of the Protective Order.

      l.   Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed or are being kept pursuant to the Business and Professions Code and the Rule of Professional Conduct.

      m.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government or certifying the destruction of all Protected Information and materials otherwise identified as containing confidential materials.

   6.   Defense counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

7. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: December 7, 2018
NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Veronica Dragalin*
KATHERINE A. RYKKEN
VERONICA DRAGALIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: December 13, 2018
/s/ via phone authorization
AMBROSIO E. RODRIGUEZ
Attorney for Defendant
CARLOS MIGUEL FERNANDEZ

Dated: December 10, 2018
/s/ via e-mail authorization
EDWARD M. ROBINSON
LISA HOULÉ
Attorneys for Defendant
EDWARD YASUSHIRO ARAO

Dated: December 7, 2018
/s/ via e-mail authorization
RICHARD P. LASTING
Attorney for Defendant
BIANCA ELIZABETH IBARRIA

Dated: December 10, 2018
/s/ via e-mail authorization
JOHN TARGOWSKI
Attorney for Defendant
OSCAR MORALES CAMACHO, SR.

Dated: December 13, 2018
/s/ via e-mail authorization
ANDRE TOWNSEND
Attorney for Defendant
OSCAR MARAVILLA CAMACHO, JR.

8

Dated: December 11, 2018        /s/ via e-mail authorization
                                PATRICK MCLAUGHLIN
                                Attorney for Defendant
                                RAFAEL RUBEN CAMACHO MARAVILLA


Dated: December 7, 2018         /s/ via e-mail authorization
                                JOHN MCNICHOLAS
                                Attorney for Defendant
                                RAUL CERVANTES CORONA