1  NICOLA T. HANNA
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   KATHERINE A. RYKKEN (Cal. Bar No. 267196)
4  Assistant United States Attorney
   Major Frauds Section
5  VERONICA DRAGALIN (Cal. Bar No. 281370)
   Assistant United States Attorney
6  Public Corruption and Civil Rights Section
        1100 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-3659/0647
        Facsimile: (213) 894-0141
9       E-mail:    katherine.rykken@usdoj.gov
                   veronica.dragalin@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

December 17, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

12                     UNITED STATES DISTRICT COURT

13                FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR 18-121(A)-SJO

15          Plaintiff,                ORDER REGARDING DISCOVERY
                                      CONTAINING CONFIDENTIAL INFORMANT
16            v.                      INFORMATION

17 CARLOS MIGUEL FERNANDEZ, et
      al.,
18
            Defendants.
19

20      The Court has read and considered the Stipulation and Joint

21 Request for a Protective Order Regarding Discovery Containing

22 Confidential Informant Information, filed by the government and

23 defendants CARLOS MIGUEL FERNANDEZ, EDWARD YASUSHIRO ARAO, BIANCA

24 ELIZABETH IBARRIA, OSCAR MORALES CAMACHO, SR., OSCAR MARAVILLA

25 CAMACHO, JR., RAFAEL RUBEN CAMACHO MARAVILLA, and RAUL CERVANTES

26 CORONA ("defendants") in this matter on December 14, 2018, which this

27 Court incorporates by reference into this order, and FOR GOOD CAUSE

28
                                    1

SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendant's alleged crimes, which include violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 922(d) (Disposing of a Firearm to a Prohibited Person); 18 U.S.C. § 922(a)(1)(A) (Engaging in the Business of Dealing in Firearms Without a License); 18 U.S.C. § 924(a)(1)(A) (False Statement in a Federal Firearm Licensee's Records During Purchase of a Firearm); and 18 U.S.C. § 2 (Aiding and Abetting and Causing an Act to be Done).

2. Certain parts of the discovery in this case relate to the history of cooperating witnesses involved in the investigation of this case, and as such the discovery contains personal identifying information. The dissemination or distribution of these materials could compromise the ability of the cooperating witnesses to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

3. The Court finds it is appropriate, therefore, for a Protective Order that would allow the government to produce discovery related to the cooperating witnesses, but places limitations on defendant's access to the discovery without defense counsel present.

4. The Court agrees that a protective order as requested by the parties will serve the government's interest in preserving the effectiveness and safety of cooperating witnesses, while permitting the defense to understand the government's evidence against defendant.

5. Accordingly, the discovery related to cooperating witnesses that the government will provide to defense counsel in the above-

captioned case will be subject to this Protective Order, as follows:

   a. For purposes of the Protective Order, the term "confidential materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

   b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendant, his/her family members, or any other associates of defendant.

   c. Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order,

3

prior to providing members of the defense team with access to any materials subject to the Protective Order.

      d.    The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he/she may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      e.    Defendant may review Protected Information in this case only in the presence of a member of the defense team, and the defense team shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Defendant must return any Protected Information to a member of the defense team at the conclusion of any meeting at which defendant is permitted to view the Protected Information. Defendant may not take any Protected Information out of the room in which he/she is meeting with the defense team. Defendant may not write down or memorialize any confidential materials contained in the Protected Information. At the conclusion of any meeting with defendant, the defense team shall take with him/her all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, whether he/she is incarcerated or not.

1          f.    The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself.

        g.    The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case, including defendant, subject to the requirement above that a member of the defense team must be present if Protected Information is being shown to defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

        h.    The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

        i.    To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions

become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j. The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the confidential materials and make all reasonable attempts to limit the divulging of confidential materials.

      k. Defendant and the defense team also agree that any confidential materials produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order.

      l. Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall

remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed or are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

      m. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information and materials otherwise identified as containing confidential materials upon the conclusion of appellate and post-conviction proceedings.

IT IS SO ORDERED.

12/17/18

*S. James Otero*

DATE

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

 /s/
VERONICA DRAGALIN
Assistant United States Attorney