NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    katherine.rykken@usdoj.gov
                veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-121(A)-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO ADMIT FIREARMS RECORDS; EXHIBITS |
| v. | Hearing Date: November 4, 2019 |
| CARLOS MIGUEL FERNANDEZ, et al., | Location:    Courtroom of the Hon. S. James Otero |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys KATHERINE A. RYKKEN and VERONICA DRAGALIN, hereby files its motion in limine to admit records pertaining to firearms transactions.

//
//
//
//

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 22, 2019  Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


 */s/ Katherine A. Rykken*
KATHERINE A. RYKKEN
VERONICA DRAGALIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants Carlos Miguel Fernandez ("Fernandez") and Edward Arao ("Arao"), police officers charged with illegally dealing in firearms, are proceeding to trial on November 12, 2019.  Using their law enforcement status, Fernandez and Arao were able to purchase a high volume of "off-Roster" firearms that were unavailable to the general public in California.  Arao was in charge of Ronin Tactical Group, a Federal Firearms Licensee ("FFL"), through whom Fernandez purchased and sold many of the guns charged in the First Superseding Indictment ("FSI").  Fernandez is also charged in a second conspiracy,[1] disposing of firearms to a person he had reasonable cause to believe was prohibited from purchasing firearms, and separate substantive violations of 18 U.S.C. § 922(d)(1).  Lastly, because Fernandez also aided and abetted other co-defendants in making false statements in connection with their firearms purchases, he is charged with substantive violations of 18 U.S.C. § 924(a)(1)(A).

To prove these charges, the government seeks to introduce the following two categories of firearms records evidencing the charged conduct: (1) Automated Firearms System ("AFS") records maintained by the California Department of Justice; and (2) dealer records of firearms sales, including Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473 and and Ronin Tactical Group's Acquisition and Disposition log, both of which are required to be

---

[1] Count Four charges this second conspiracy.  Fernandez is charged along with three other co-defendants, all of whom have signed plea agreements and will not proceed to trial: Oscar Morales Camacho, Sr. ("Camacho Sr."), Oscar Maravilla Camacho Jr. ("Camacho Jr."), and Rafael Ruben Camacho Maravilla ("Camacho Maravilla").

maintained by an FFL.  The firearms records are probative of the gun purchases and sales alleged in the FSI.  For the reasons set forth below, the firearms records and summaries thereof are admissible at trial.

**II.  ARGUMENT**

    **A.  The AFS Records Are Admissible Public Records**

        1.  <u>Public Records Are Admissible Self-Authenticating Records</u>

Public records, reports, statements, or data compilations of public offices or agencies setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to which matters there was a duty to report are admissible as an exception to the hearsay rule.  Fed. R. Evid. 803(8).  Domestic public documents bearing a seal of the United States or a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution, are self-authenticating and do not require extrinsic evidence of authentication as a condition precedent to admissibility.  Fed. R. Evid. 902(1).  <u>See United States v. Robinson</u>, 389 F.3d 582, 593 (6th Cir. 2004).  The same is true of certified copies of public records.  Fed. R. Evid. 902(4).

        2.  <u>The AFS Records Are Admissible</u>

The government seeks to introduce two types of AFS records in this case: (1) a native excel spreadsheet created, maintained, and provided by AFS listing firearm purchase information for particular individuals (defendants in this case); and (2) a "printout" created, maintained, and provided by AFS listing similar firearm purchase

information in a different format (collectively, the "AFS Records"). Attached hereto as Exhibit A is an example AFS spreadsheet (redacted to omit personal identifying information). Attached hereto as Exhibit B is an example AFS printout record to be introduced at trial (similarly redacted).

AFS is a repository of firearm records maintained by the California Department of Justice, as established by California Penal Code, Section 11106. The AFS receives information when, among other things, a firearm purchase or transfer occurs at a California-based FFL. The AFS Records described above, both the native excel spreadsheets and printouts, are self-suthenticating public records because the California Department of Justice, a public agency, is required by California law to maintain these records. <u>See</u> Cal. Penal Code § 11106 (requiring the Attorney General to "keep and properly file a complete record of" various firearms records and to "furnish the information" to law enforcement upon request). Consequently, the AFS records are admissible at trial on this basis.

**B.   Dealer Firearms Records Are Admissible Business Records**

    1.   <u>Business Records Are Admissible</u>

For business records to be admissible, the following foundational facts must be established through the custodian of the records or another qualified witness: (1) the records must have been made at or near the time by, or from information transmitted by, a person with knowledge; and (2) the records must have been made and kept in the course of a regularly conducted business activity. Fed. R. Evid. 803(6); <u>United States v. Bland</u>, 961 F.2d 123, 126-28 (9th Cir. 1992). In determining whether these foundational facts are

established, the Court may consider hearsay and other evidence not admissible at trial. See Federal Rules of Evidence 104(a) and 1101(d)(1); Bourjaily v. United States, 483 U.S. 171, 178-79 (1987). Challenges to the accuracy or completeness of business records ordinarily go to the weight of the evidence and not its admissibility. See, e.g., La Porta v. United States, 300 F.2d 878, 880 (9th Cir. 1962).

Certified domestic records of regularly conducted activity are self-authenticating when accompanied by a written declaration establishing that (1) the records were made at or near the time by, or from information transmitted by, a person with knowledge; and (2) the records were made and kept in the course of a regularly conducted business activity. Fed. R. Evid. 902(11). Custodian of records declarations may be utilized by the Court to provide a foundation for the admission in evidence of business records without creating any confrontation issue under Crawford v. Washington, 541 U.S. 36 (2004). See United States v. Hagege, 437 F.3d 943, 957 (9th Cir. 2006).

### 2. The Dealer Firearm Records Are Admissible

The government seeks to introduce two types of firearms records that are required to be kept by an FFL. First, a Firearms Transaction Record, or Form 4473, which is a form promulgated by the ATF that is filled out when a person purchases a firearm from an FFL. The Form 4473 contains the purchaser name, address, date of birth, government-issued photo ID, National Instant Criminal Background Check System background check transaction number, and a short affidavit stating that the purchaser is eligible to purchase firearms under federal law. It also contains the firearm make, model, and

4

serial number, as well as the date of the transaction. If a person purchases a firearm from a private individual who is not a licensed dealer, California law requires individual sellers to sell through dealers, and the purchasers to complete a Form 4473.[2] Attached hereto as Exhibit C is an example Form 4473 to be introduced at trial. The FFL also records all information from the Form 4473 into a required "bound-book" called an "Acquisition and Disposition Log." The second business record the government seeks to admit is the Acquisition and Disposition log from Ronin Tactical Group. Attached hereto as Exhibit D is an excerpt from the Acquisition and Disposition Log of Ronin Tactical Group to be introduced at trial.

A dealer must keep the Form 4473's and the Acquisition and Disposition Log on file at least 20 years, and is required to surrender the log to the ATF upon retirement from the firearms business. The ATF is allowed to inspect, as well as request a copy of, the Form 4473 from the dealer. Because these records meet the requirements for self-authenticating business records pursuant to Rules 803(6) and 902(11), they are admissible at trial.

**C.  Charts and Summaries of Firearms Records Are Admissible**

    1.   <u>Summary Charts Are Admissible</u>

A chart or summary may be admitted as evidence where the underlying documents are voluminous, admissible, and available for inspection. See <u>United States v. Meyers</u>, 847 F.2d 1408, 1411-12 (9th

---

[2] The FFL is also required to keep Dealer Record of Sale ("DROS") forms, which are typically attached to and stored with the Form 4473. The DROS form is California's version of the ATF Form 4473 and contains similar identifying information of the parties and describes the firearm to be purchased. At trial, the government may seek to admit a small number of DROS forms, which are admissible as business records for the reasons stated in this Section.

5

Cir. 1988); United States v. Johnson, 594 F.2d 1253, 1255-57 (9th Cir. 1979). While the underlying documents must be admissible, they need not be admitted. See Meyers, 847 F.2d at 1412; Johnson, 594 F.2d at 1257 n.6. Federal Rule of Evidence 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by the parties at a reasonable time and place. The court may order that they be produced in court.

Moreover, summary charts need not contain the defendant's version of the evidence and may be given to the jury while a government witness testifies concerning them. See United States v. Radseck, 718 F.2d 233, 239 (7th Cir. 1983); Barsky v. United States, 339 F.2d 180, 181 (9th Cir. 1964).

Summary exhibits, such as those the government wishes to introduce into evidence here, are admissible under Rule 611(a) and have long been recognized as an appropriate means of clarifying a complicated or document-intensive case for the jury. See United States v. Silverman, 449 F.2d 1341, 1346 (2d Cir. 1971). Rule 611(a) permits a court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." See United States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980).

Summary charts also may be used by the government in opening statement. Indeed, "such charts are often employed in complex conspiracy cases to provide the jury with an outline of what the

6

government will attempt to prove." United States v. De Peri, 778 F.2d 963, 979 (3d Cir. 1985) (approving government's use of chart); United States v. Rubino, 431 F.2d 284, 290 (6th Cir. 1970) (same). Indeed, a summary witness may properly testify about, and use a chart to summarize, evidence that has already been admitted. The Court and jury are entitled to have a witness "organize and evaluate evidence which is factually complex and fragmentally revealed." United States v. Shirley, 884 F.2d 1130, 1133-34 (9th Cir. 1989) (DEA agent's testimony regarding her review of various telephone records, rental receipts, and other previously offered testimony held to be proper summary evidence, as it helped jury organize and evaluate evidence; summary charts properly admitted); United States v. Lemire, 720 F.2d 1327, 1348 (D.C. Cir. 1983).

Finally, a summary witness may rely on the analysis of others where the summary witness has sufficient experience to judge another person's work and incorporate as his or her own the fact of its expertise. The use of other persons in the preparation of summary evidence goes to its weight, not its admissibility. See United States v. Soulard, 730 F.2d 1292, 1299 (9th Cir. 1984); Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co., 466 F.2d 722, 727 (7th Cir. 1972) ("It is not necessary . . . that every person who assisted in the preparation of the original records or the summaries be brought to the witness stand.").

    2.    The Firearms Records Are Admissible as Summaries

Certain portions of the present case involve a large number of records, in particular, AFS and Form 4473 records demonstrating 46 purchases and 46 resales of firearms by Fernandez, and 41 purchases

7

and 41 resales of firearms by Arao.  Each of those transactions generated an AFS entry and Form 4473.  Thus, in total, at least 174 individual records establish the transactions charged in Counts One, Two, and Three of the indictment.  To assist in the jury's understanding of the case, the government intends to present and introduce as exhibits charts and summaries of those records (which are themselves admissible as discussed above), to save time at trial and to avoid the need to individually present the voluminous records themselves.[3]  Attached hereto as Exhibits E and F are summary charts summarizing the charged transactions in the indictment.[4]

The summary exhibits that the government intends to present satisfy all of the requirements of Rule 611(a).  The pertinent evidence, namely firearms records, is admissible and has been produced or made available to the defendants in discovery.  The government will make the final summary charts available to counsel prior to introducing them at trial.  The summary witnesses will be available for cross-examination.  Moreover, the summary exhibits will serve to organize and clarify the government's presentation and assist the jury's understanding of the case.  The use and admission of summary exhibits at trial is thus appropriate.  Fed. R. Evid. 611(a); Gardner, 611 F.2d at 776.

---

[3] The government reserves the right to introduce additional types of summary charts at trial, such as summaries of voluminous bank records, toll records, and other admissible records.

[4] The attached summary charts are intended to serve solely as an illustrative example of the summary charts to be introduced at trial, and the government reserves the right to revise and finalize these exhibits before trial.  The government will make final versions of summary charts available to counsel before trial.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court admit the records pertaining to firearms transactions, as described above.