NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0647
    Facsimile: (213) 894-0141
    E-mail:    katherine.rykken@usdoj.gov
               veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>CARLOS FERNANDEZ, and<br>EDWARD ARAO,<br><br>       Defendants. | No. CR 18-121(A)-SJO<br><br>JOINT PROPOSED JURY<br>INSTRUCTIONS<br><br>Trial Date: Nov. 12, 2019<br>Trial Time: 8:30 a.m.<br>Location:   Courtroom of the<br>              Hon. S. James Otero |

      Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Katherine A. Rykken

and Veronica Dragalin, defendant CARLOS FERNANDEZ, by and through

his counsel of record, Ambrosio Rodriguez, and defendant EDWARD

ARAO, by and through his counsel of record, Edward Robinson, Lisa

Houlé, and Rachael Robinson, hereby submit their Joint Proposed Jury

Instructions in the above-captioned case.  [The parties respectfully

1  direct the Court to the concurrently filed Disputed Jury

2  Instructions, where noted.]  The parties respectfully reserve the

3  right to supplement these jury instructions as needed.

4          Unless otherwise noted, the parties have used the most recent

5  version (as of November 2019) of the Jury Instructions found on the

6  Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-

7  instructions/model-criminal.

8  Dated: November 8, 2019          Respectfully submitted,

9                                   NICOLA T. HANNA
                                    United States Attorney
10
                                    BRANDON D. FOX
11                                  Assistant United States Attorney
                                    Chief, Criminal Division
12

13                                  _____
                                    KATHERINE A. RYKKEN
14                                  VERONICA DRAGALIN
                                    Assistant United States Attorneys
15
                                    Attorneys for Plaintiff
16                                  UNITED STATES OF AMERICA

17

18
   Dated: November 8, 2019          _/s/ via e-mail authorization_
19                                  AMBROSIO RODRIGUEZ
                                    Attorney for Defendant
20                                  CARLOS MIGUEL FERNANDEZ

21

22
   Dated: November 8, 2019          _/s/ via e-mail authorization_
23                                  EDWARD ROBINSON
                                    LISA HOULE
24                                  RACHAEL ROBISON
                                    Attorney for Defendant
25                                  EDWARD YASUSHIRO ARAO

26

27

28

                                    2

## INDEX OF PROPOSED JOINT JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| **Preliminary Instructions** | | | |
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 | 1 |
| 2 | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 | 2 |
| 3 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 | 3 |
| 4 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 | 4 |
| 5 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 | 8 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 | 11 |
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 | 12 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 | 13 |
| 12 | English Translation | Ninth Circuit Model Criminal Jury Instructions, No. 1.12 | 14 |
| 13 | Separate Consideration for Each Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 1.13 | 15 |

i

| No. | Title | Source | Page |
|-----|-------|--------|------|
| **Instructions in the Course of Trial** | | | |
| 14 | Stipulated Testimony (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.2 | 16 |
| 15 | Stipulations of Fact (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 | 17 |
| 16 | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 | 18 |
| 17 | Evidence for Limited Purpose (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 | 19 |
| **Instructions at the End of Case** | | | |
| 18 | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 | 20 |
| 19 | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 3.2 | 21 |
| 20 | Defendant's Decision [Not] to Testify | Ninth Circuit Model Criminal Jury Instructions, No. 3.3, 3.4 | 22 |
| 21 | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 3.5 | 23 |
| 22 | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.6 | 24 |
| 23 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.7 | 25 |
| 24 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 | 26 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 25 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 | 27 |
| 26 | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 3.10 | 28 |
| 27 | Separate Consideration of Multiple Counts—Multiple Defendants | Ninth Circuit Model Criminal Jury Instructions, No. 3.13 | 29 |
| 28 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 | 30 |
| 29 | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | Ninth Circuit Model Criminal Jury Instructions, No. 4.9 | 31 |
| 30 | Opinion Evidence – Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 4.14 | 32 |
| 31 | Charts and Summaries Not Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.16 | 33 |
| 32 | Charts and Summaries Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.17 | 34 |
| 33 | Conspiracy – Elements (Count One) | Ninth Circuit Model Criminal Jury Instructions, No. 8.20 | 35 |
| 34 | Conspiracy - Knowledge of and Association With Other Conspirators | Ninth Circuit Model Criminal Jury Instructions, No. 8.23 | 37 |
| 35 | Firearms – Dealing Without a License | Ninth Circuit Model Criminal Jury Instructions, No. 8.53 (modified) | 38 |

iii

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 36 | Conspiracy – Elements (Count Four) | Ninth Circuit Model Criminal Jury Instructions, No. 8.20 | 39 |
| 37 | Firearms – Unlawful Sale [DISPUTED] | Ninth Circuit Model Criminal Jury Instructions, No. 8.61; United States v. Jefferson, 334 F.3d 670, 675 (7th Cir. 2003) | 40 |
| 38 | Possession – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 3,15 (modified) | 41 |
| 39 | Knowingly – Defined | Ninth Circuit Model Criminal Jury Instruction No. 5.7 | 42 |
| 40 | Deliberate Ignorance | Ninth Circuit Model Criminal Jury Instruction No. 5.8 | 43 |
| 41 | Aiding and Abetting | Ninth Circuit Model Criminal Jury Instruction No. 5.1 | 44 |
| 42 | Firearms – False Statements | 18 U.S.C. § 924(a)(1)(A); United States v. Prince, 647 F.3d 1257, 1268 (10th Cir. 2011) | 45 |
| 43 | "On or About" – Explained" | Ninth Circuit Model Jury Instructions, No. 3.18 | 46 |
| 44 | Duty to Deliberate | Ninth Circuit Model Jury Instructions, No. 7.1 | 47 |
| 45 | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Jury Instructions, No. 7.2 | 48 |
| 46 | Use of Notes | Ninth Circuit Model Jury Instructions, No. 7.3 | 50 |
| 47 | Jury Consideration of Punishment | Ninth Circuit Model Jury Instructions, No. 7.4 | 51 |
| 48 | Verdict Form | Ninth Circuit Model Jury Instructions, No. 7.5 | 52 |
| 49 | Communication with Court | Ninth Circuit Model Jury Instructions, No. 7.6 | 53 |

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 [Duty of Jury]

1

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges both defendants with conspiracy to engage in and engaging in the business of dealing in firearms without a license.

In addition, the government charges defendant Carlos Miguel Fernandez with disposing of a firearm to a prohibited person and aiding and abetting making a false statement in a federal firearms licensee's records during the purchase of a firearm.

The charges against the defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

Each defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.2 [The Charge -- Presumption of Innocence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1)  the sworn testimony of any witness;

(2)  the exhibits which are received in evidence; and

(3)  any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 [What Is Not Evidence]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 [Direct and Circumstantial Evidence] (modified to reflect illustrative example in Comment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 [Ruling On Objections]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.
The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that

1  you have been ordered not to discuss the matter and to report the
2  contact to the court.

3      Because you will receive all the evidence and legal instruction
4  you properly may consider to return a verdict: do not read, watch,
5  or listen to any news or media accounts or commentary about the case
6  or anything to do with it, although I have no information that there
7  will be news reports about this case; do not do any research, such
8  as consulting dictionaries, searching the Internet or using other
9  reference materials; and do not make any investigation or in any
10 other way try to learn about the case on your own.  Do not visit or
11 view any place discussed in this case, and do not use Internet
12 programs or other devices to search for or view any place discussed
13 during the trial.  Also, do not do any research about this case, the
14 law, or the people involved -- including the parties, the witnesses
15 or the lawyers -- until you have been excused as jurors. If you
16 happen to read or hear anything touching on this case in the media,
17 turn away and report it to me as soon as possible.

18      These rules protect each party's right to have this case
19 decided only on evidence that has been presented here in court.
20 Witnesses here in court take an oath to tell the truth, and the
21 accuracy of their testimony is tested through the trial process.  If
22 you do any research or investigation outside the courtroom, or gain
23 any information through improper communications, then your verdict
24 may be influenced by inaccurate, incomplete or misleading
25 information that has not been tested by the trial process.  Each of
26 the parties is entitled to a fair trial by an impartial jury, and if
27 you decide the case based on information not presented in court, you
28

1   will have denied the parties a fair trial.  Remember, you have taken

2   an oath to follow the rules, and it is very important that you

3   follow these rules.

4        A juror who violates these restrictions jeopardizes the

5   fairness of these proceedings, and a mistrial could result that

6   would require the entire trial process to start over.  If any juror

7   is exposed to any outside information, please notify the court

8   immediately.

26  Ninth Circuit Model Criminal Jury Instructions, No. 1.8 [Conduct of

27  the Jury]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 [No Transcript Available to Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 [Taking Notes]

12

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 [Outline of Trial]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

A language other than English will be used for some evidence during this trial.

The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official translation.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.

Ninth Circuit Model Criminal Jury Instructions, No. 1.12 [Jury to Be Guided by English Translation/Interpretation]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Ninth Circuit Model Criminal Jury Instructions, No. 1.13 [Separate Consideration for Each Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

[if applicable]

The parties have agreed what [name of witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

Ninth Circuit Model Criminal Jury Instructions, No. 2.2 [Stipulated Testimony]

16

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

[if applicable]

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3

[Stipulations of Fact]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

You are about to hear a recording that has been received in evidence.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.  After the recording has been played, the transcript will be taken from you.

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 [Transcript of Recording in English]

18

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

[if applicable]

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 [Evidence for Limited Purpose]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 [Duties of the Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 3.2 [Charge Against Defendant Not Evidence –– Presumption of Innocence  –– Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


OR


[The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.]

Ninth Circuit Model Criminal Jury Instructions, No. 3.3, 3.4 [Defendant's Decision Not to Testify, Defendant's Decision to Testify]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 3.5 [Reasonable Doubt—Defined]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 3.6 [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

In reaching your verdicts, you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.   Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 3.7 [What Is Not Evidence]

25

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 [Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

Ninth Circuit Model Criminal Jury Instructions, No. 3.13 [Separate Consideration of Multiple Counts — Multiple Defendants]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

You have heard testimony that a defendant made a statement.  It
is for you to decide (1) whether the defendant made the statement,
and (2) if so, how much weight to give to it.  In making those
decisions, you should consider all the evidence about the statement,
including the circumstances under which the defendant may have made
it.

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 [Statements
by Defendant]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

You have heard testimony from witnesses [Adalberto Pelayo/Bianca Ibarria/Raul Cervantes Corona/Antonio Ramirez/Rafael Ruben Camacho Maravilla]. These witnesses hope to receive, or have received, favored treatment from the government in connection with this case. Some of these witnesses admitted being accomplices to one or more of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

Some of these witnesses pleaded guilty to a crime, or crimes, arising out of some of the same events for which the defendant is on trial. A cooperating witness's guilty plea is not evidence against the defendant, and you may consider it only in determining a witness's believability.

Because of the status of all of these witnesses, in evaluating their testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 4.9 [Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea] (modified for multiple special witnesses)

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

You have heard testimony from [David Hamilton/Blake Graham] who testified to opinions and the reasons for his opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 [Opinion Evidence, Expert Witness]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

[if applicable]

During the trial, certain demonstrative items were shown to you in order to help explain the evidence in the case.  These demonstrative exhibits were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these exhibits and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 4.16 [Charts and Summaries Not Admitted into Evidence]

33

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 32

3      Certain charts and summaries have been admitted into evidence.

4  Charts and summaries are only as good as the underlying supporting

5  material.  You should, therefore, give them only such weight as you

6  think the underlying material deserves.

26  Ninth Circuit Model Criminal Jury Instructions, No. 4.17 [Charts and

27  Summaries Admitted into Evidence]

1  COURT'S INSTRUCTION NO. _____

2  JOINT PROPOSED INSTRUCTION NO. 33

3  The defendants are charged in Count One of the indictment with

4  conspiring to engage in the business of dealing in firearms without

5  a license in violation of Section 371 of Title 18 of the United

6  States Code.  In order for the defendants to be found guilty of that

7  charge, the government must prove each of the following elements

8  beyond a reasonable doubt:

9  First, beginning on or about July 10, 2015, and ending on or

10  about July 26, 2017, there was an agreement between two or more

11  persons to commit at least one crime as charged in the indictment;

12  Second, the defendant became a member of the conspiracy knowing

13  of at least one of its objects and intending to help accomplish it;

14  and

15  Third, one of the members of the conspiracy performed at least

16  one overt act for the purpose of carrying out the conspiracy.

17  A conspiracy is a kind of criminal partnership—an agreement of

18  two or more persons to commit one or more crimes.  The crime of

19  conspiracy is the agreement to do something unlawful; it does not

20  matter whether the crime agreed upon was committed.

21  For a conspiracy to have existed, it is not necessary that the

22  conspirators made a formal agreement or that they agreed on every

23  detail of the conspiracy.  It is not enough, however, that they

24  simply met, discussed matters of common interest, acted in similar

25  ways, or perhaps helped one another. You must find that there was a

26  plan to commit at least one of the crimes alleged in the indictment

27

28

as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Ninth Circuit Model Criminal Jury Instruction No. 8.20 [Conspiracy – Elements] (Count One)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Model Criminal Jury Instruction No. 8.23 [Conspiracy – Knowledge of and Association with Other Conspirators]

37

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

**[DISPUTED]**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

Defendant Fernandez is charged in Count Four of the indictment with conspiring to dispose of a firearm to a prohibited person and conspiring to make a false statement during the purchase of a firearm, in violation of Section 371 of Title 18 of the United States Code.  In order for defendant Fernandez to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 29, 2016, and ending on or about December 27, 2017, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The additional instructions on conspiracy in instructions [33 and 34] as to Count One also apply as to Count Four.

Ninth Circuit Model Criminal Jury Instruction No. 8.20 [Conspiracy – Elements] (Count Four)

39

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

**[DISPUTED]**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of a firearm if each knows of its presence and has the power and intention to control it.

Ninth Circuit Model Jury Instructions, No. 3.15 [Possession – Defined] (modified to reflect charge)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 5.7 [Knowingly - Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 40

**[DISPUTED]**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 41

**[DISPUTED]**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

Defendant Fernandez is charged in Counts Eight, Nine, Ten, and Eleven of the indictment with aiding and abetting a false statement in a federal firearm licensee's records during the purchase of a firearm, in violation of Section 924(a)(1)(A) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, a person made a false statement or representation;

Second, the statement was made in a record that a licensed firearms dealer was required to maintain;

Third, the dealer was a federally licensed firearms dealer at the time the statement was made; and

Fourth, the person knew the statement was false.

18 U.S.C. § 924(a)(1)(A); United States v. Prince, 647 F.3d 1257, 1268 (10th Cir. 2011)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 43

The Indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instruction No. 3.18 ["On or About" – Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 7.1 [Duty to Deliberate]

47

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 45

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could

result that would require the entire trial process to start over.
If any juror is exposed to any outside information, please notify
the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 7.2
[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 46

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 7.3 [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 47

The punishment provided by law for these crimes is for the Court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 7.4 [Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 48

A verdict form has been prepared for you.  This verdict form will require you to follow the directions on these forms and make certain findings that I have previously referenced during these instructions.  After you have reached unanimous agreement on your verdicts, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 7.5 [Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 49

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 7.6
[Communication with Court]