NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    katherine.rykken@usdoj.gov
                veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-121(A)-SJO |
|---|---|
| Plaintiff, | DISPUTED JURY INSTRUCTIONS |
| v. | Trial Date: Nov. 12, 2019<br>Trial Time: 8:30 a.m. |
| CARLOS FERNANDEZ, and EDWARD ARAO, | Location:   Courtroom of the<br>Hon. S. James Otero |
| Defendants. | |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Katherine A. Rykken

and Veronica Dragalin, defendant CARLOS FERNANDEZ, by and through

his counsel of record, Ambrosio Rodriguez, and defendant EDWARD

//

1  ARAO, by and through his counsel of record, Edward Robinson, Lisa

2  Houlé, and Rachael Robinson, hereby submit their Disputed Jury

3  Instructions in the above-captioned case.

4

5  Dated: November 8, 2019          Respectfully submitted,

6                                    NICOLA T. HANNA
                                     United States Attorney
7
                                     BRANDON D. FOX
8                                    Assistant United States Attorney
                                     Chief, Criminal Division
9

10                                   _____
                                     KATHERINE A. RYKKEN
11                                   VERONICA DRAGALIN
                                     Assistant United States Attorneys
12
                                     Attorneys for Plaintiff
13                                   UNITED STATES OF AMERICA

14

15
                                      /s/ via e-mail authorization
16  Dated: November 8, 2019          _____
                                     AMBROSIO RODRIGUEZ
17                                   Attorney for Defendant
                                     CARLOS MIGUEL FERNANDEZ

18

19
                                      /s/ via e-mail authorization
20  Dated: November 8, 2019          _____
                                     EDWARD ROBINSON
21                                   LISA HOULE
                                     RACHAEL ROBISON
22                                   Attorney for Defendant
                                     EDWARD YASUSHIRO ARAO

23

24

25

26

27

28

                                     2

## INDEX OF DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 35 | Firearms – Dealing Without a License <br> [DISPUTED] | Ninth Circuit Model Criminal Jury Instructions, No. 8.53 (modified); 18 U.S.C. § 921(a)(21)(C) | 1 |
| 37 | Firearms – Unlawful Sale <br> [DISPUTED] | Ninth Circuit Model Criminal Jury Instructions, No. 8.61; <u>United States v. Jefferson</u>, 334 F.3d 670, 675 (7th Cir. 2003) | 7 |
| 40 | Deliberate Ignorance <br> [DISPUTED] | Ninth Circuit Model Criminal Jury Instruction No. 5.8 | 11 |
| 41 | Aiding and Abetting <br> [DISPUTED] | Ninth Circuit Model Criminal Jury Instruction No. 5.1 | 15 |

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

Defendant Fernandez is charged in Count Two of the indictment with dealing firearms without a license.  Defendant Arao is charged in Count Three of the indictment with dealing firearms without a license, in violation of Section 922(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was willfully engaged in the business of dealing in firearms within the dates specified in the indictment; and

Second, the defendant did not then have a license as a firearms dealer.

The term "engaged in the business" means, as applied to a dealer in firearms, a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

Willfully, as used in this statute, requires proof that the defendant knew that his conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement. Ninth Circuit Model Jury Instructions, No. 8.53 [Firearms – Dealing Without a License] (modified); 18 U.S.C. § 921(a)(21)(C)

1

**DEFENDANT ARAO'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY
INSTRUCTION NO. 35**

Mr. Arao objects to the government's proposed jury instruction no. 35 because (1) the definition of "willfully" as applied to this case unconstitutionally lessens the government's burden of proof; and (2) as argued in Mr. Arao's motion to dismiss, 18 U.S.C. § 922(a)(1)(A) is unconstitutionally vague on its face and as applied to Mr. Arao's conduct.

First, Mr. Arao objects to the definition of "willfulness" provided in the Model Instruction. Counsel is not presenting a defense where pretrial disclosure is required. Fed. R. Crim. Pro. Rules 12.1, 12.2, 12.3. Given the manner in which this case has been indicted, and in recognition of Mr. Arao's Fifth and Sixth Amendment right to remain silent and to a fair trial, counsel is not in a position to propose a definition of willfulness. "As the Supreme Court has observed, 'willful' is a word of 'many meanings' and 'its construction [is] often … influenced by its context.'" *Ratzlaf v. United States*, 510 U.S. 135, 146 (1994). The "context" of the proof elicited at this trial will likely affect our proposed willfulness instruction. "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence[.]" *United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015).

Second, as argued in his motion to dismiss and as asserted herein, Mr. Arao maintains the position that 18 U.S.C. § 922(a)(1)(A) is unconstitutionally vague on its face and as applied to Mr. Arao. In neither 18 U.S.C. § 922(a)(1)(A) nor 18 U.S.C. §

921(a)(21)(C) is there a required minimum number of sales, dollar volume of sales, or number of employees to qualify as "engaged in the business of dealing in firearms." Moreover, while the definition includes "profit" as an objective to determine whether the conduct constitutes a "business," there is absolutely no guidance as to when – or how much – profit transitions from merely the result of a legal private party transfer to the illegal sale of a firearm. This law is in direct tension with the California Penal Code §§ 27535(b)(5) and 3200(b)(4) which allows peace officers to sell firearms without a license in these "private party transfers."

**DEFENDANT FERNANDEZ'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 35**

Mr. Fernandez objects to the government's proposed jury instruction no. 35 because (1) the definition of "willfully" as applied to this case unconstitutionally lessens the government's burden of proof; and (2) Title 18 U.S.C. § 922(a)(1)(A) is unconstitutionally vague on its face and as applied to Mr. Fernandez's conduct.

First, Mr. Fernandez objects to the definition of "willfulness" provided in the Model Instruction. Counsel is not presenting a defense where pretrial disclosure is required. Fed. R. Crim. Pro. Rules 12.1, 12.2, 12.3. Given the manner in which this case has been indicted, and in recognition of Mr. Fernandez's Fifth and Sixth Amendment right to remain silent and to a fair trial, counsel is not in a position to propose a definition of willfulness. "As the Supreme Court has observed, 'willful' is a word of 'many meanings' and 'its construction [is] often … influenced by its context.'" Ratzlaf v. United States, 510 U.S. 135, 146 (1994). The "context" of the proof elicited at this trial will likely affect any proposed willfulness instruction. "A defendant is entitled to have the judge instruct the jury on [the defendant's] theory of defense, provided that it is supported by law and has some foundation in the evidence[.]" United States v. Whittemore, 776 F.3d 1074, 1078 (9th Cir. 2015).

Second, Mr. Fernandez maintains the position that 18 U.S.C. § 922(a)(1)(A) is unconstitutionally vague on its face and as applied to him. In neither 18 U.S.C. § 922(a)(1)(A) nor 18 U.S.C. §

4

921(a)(21)(C) is there a required minimum number of sales, dollar volume of sales, or number of employees to qualify as "engaged in the business of dealing in firearms."  Moreover, while the definition includes "profit" as an objective to determine whether the conduct constitutes a "business," there is absolutely no guidance as to when – or how much – profit transitions from merely the result of a legal private party transfer to the illegal sale of a firearm. This law is in direct tension with the California Penal Code §§ 27535(b)(5) and 3200(b)(4) which allows peace officers to sell firearms without a license in these "private party transfers." This vagueness, and the conflict with state law, impermissibly allows the jury to craft its own meaning of these terms which in turn gives the jury the power to determine their legal definitions, a role that is outside of the jury's purview.

For the foregoing reasons, Defendant Carlos Fernandez objects to the Government's proposed jury instruction number 35.

**GOVERNMENT'S POSITION RE: JURY INSTRUCTION NO. 2**

The government initially proposed a jury instruction with language taken directly from Ninth Circuit Model Criminal Jury Instruction No. 8.53 and its Comment.  After conferring with the defense, the government agreed to include the statutory definition of the term "engaged in the business," as defined in 18 U.S.C. § 921(a)(21)(C).

The proposed definition of the term "willfully" comes directly from the Comment to Model Instruction No. 8.53 and accurately reflects the law with respect to the *mens rea* required for this particular offense.

The government's position with respect to constitutionality arguments is set forth in its Opposition to Defendant Arao's Motion to Dismiss the Indictment, on which the Court has already ruled. (CR 202)

1

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 37**

2        Defendant Fernandez is charged in Counts Five, Six, and Seven

3   of the indictment with disposing of a firearm to a prohibited person

4   in violation of Section 922(d) of Title 18 of the United States

5   Code.  In order for the defendant to be found guilty of that charge,

6   the government must prove each of the following elements beyond a

7   reasonable doubt:

8        First, the defendant knowingly disposed of the specific

9   firearms charged in Counts Five, Six, and Seven to Oscar Maravilla

10  Camacho, Jr. ("Camacho Jr."); and

11       Second, the defendant knew or had reasonable cause to believe

12  that Camacho Jr. was a felon.

13       A felony is defined as a crime punishable by imprisonment for a

14  term exceeding one year.

15       The term "dispose of" means to transfer a firearm so that the

16  transferee acquires possession of the firearm.

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instructions, No. 8.61; United

27  States v. Jefferson, 334 F.3d 670, 675 (7th Cir. 2003)

28

**DEFENDANT FERNANDEZ'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 37**

Mr. Fernandez objects to the government's proposed jury instruction no. 37 as written because the government's burden of proof is lowered with regards to the mens rea element of the crime. Mr. Fernandez proposes that the words "or had a reasonable cause to believe" be stricken from the government's proposed jury instruction no. 37 so that it reads as follows:

Defendant Fernandez is charged in Counts Five, Six, and Seven of the indictment with disposing of a firearm to a prohibited person in violation of Section 922(d) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly disposed of the specific firearms charged in Counts Five, Six, and Seven to Oscar Maravilla Camacho, Jr. ("Camacho Jr."); and

Second, the defendant knew or had reasonable cause to believe that Camacho Jr. was a felon.

A felony is defined as a crime punishable by imprisonment for a term exceeding one year.

The term "dispose of" means to transfer a firearm so that the transferee acquires possession of the firearm.

Ninth Circuit Model Jury Instructions, No. 8.61 [Firearms – Unlawful Sale]; United States v. Jefferson, 334 F.3d 670, 675 (7th Cir. 2003) (approving of "definition of 'dispose of,' [as] 'to transfer a

firearm so that the transferee acquires possession of the firearm'").

For the foregoing reasons, Defendant Carlos Fernandez objects to the Government's proposed jury instruction number 37.

**GOVERNMENT'S POSITION RE: JURY INSTRUCTION NO. 37**

The government's proposed jury instruction and inclusion of the phrase "or had reasonable cause to believe" comes directly from Ninth Circuit Model Criminal Jury Instruction No. 8.61.  In addition, the statutory text similarly includes the phrase "or had reasonable cause to believe" in 18 U.S.C. § 922(d)(1):

> (d)   It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or <u>having reasonable cause to believe</u> that such person—
>
> > (1)   is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

The proposed instruction therefore does not lower the government's burden of proof with regards to the *mens rea* element of the crime.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**

As to Counts Four, Five, Six, and Seven, you may find that defendant Fernandez acted knowingly if you find beyond a reasonable doubt that defendant Fernandez:

1. was aware of a high probability that Camacho Jr. was a felon; and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that Camacho Jr. was not a felon, or if you find that the defendant was simply negligent, careless, or foolish.

Ninth Circuit Model Criminal Jury Instruction No. 5.8

**DEFENDANT FERNANDEZ'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 40**

Mr. Fernandez objects to the government's proposed jury instruction no. 40 because the definition provided for "acted knowingly" lessens the government's burden of proof with regards to establishing knowledge.

The government relies on the Ninth Circuit Model Jury Instructions, No. 5.8 [Deliberate Ignorance]. As the Ninth Circuit has made clear, 'the deliberate ignorance instruction only comes into play…if the jury rejects the government's case as to actual knowledge." *U.S. v. Heredia*, 483 F.3d 913, 922. "Willful blindness is inconsistent with actual knowledge, and thus deliberate ignorance instruction is appropriate only where 'the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge.' Deliberate blindness contains two prongs: (1) a subjective belief that there is a high probability a fact exists; and (2) deliberate actions taken to avoid learning the truth." *United States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013); *citing Global-Tech Appliances Inc. v. SEB S.A.*, 563 U.S. 754 (2011).

A subjective belief that there is a high probability that a fact existed is a significantly higher standard than an objective, or "reasonable person" belief or even a recklessness standard. As the Supreme Court noted, a "subjective belief" is one where it can almost be said that the defendant actually knew. *Global-Tech*, 563 U.S. at 769. "By contract, a reckless defendant is one who merely knows of a substantial and unjustified risk of…wrongdoing." *Id*. Critically, the second prong for deliberate ignorance requires

*deliberate action* to avoid learning the truth. The Supreme Court has made clear that a "deliberate indifference" standard is insufficient because it does not require "active efforts by [the defendant] to avoid knowing [about the criminal activity.]" *Id.* at 770. As described by the Ninth Circuit, "a deliberate action is one that is 'intentional; premeditated; fully considered." *United States v. Heredia*, 483 F.3d 913, 920 (9th Cir. 2007).

The instruction of deliberate ignorance in lieu of actual knowledge lessens the government's burden of proof with respect to establishing knowledge.

For the foregoing reasons, Defendant Carlos Fernandez objects to the Government's proposed jury instruction number 40.

**GOVERNMENT'S POSITION RE: INSTRUCTION NO. 4**

The Ninth Circuit has held that in deciding whether to give a deliberate ignorance instruction along with an instruction on actual knowledge, "the district court must determine whether the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge.  If so, the court may also give a *Jewell* instruction." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc); *see also United States v. Ramos-Atondo*, 732 F.3d 1113, 1120, 1124 (9th Cir. 2013) (deliberate ignorance instruction may be given in conspiracy case); *United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013) (approving modified version of Instruction 5.8 when defendant knew of high probability of asbestos in condominium ceilings and deliberately avoided learning truth).

If the facts at trial establish that the jury could rationally find willful blindness as to Camacho Jr.'s felony status, the government requests that this instruction be provided as it is an accurate representation of the law.

1

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**

2   As to Counts Eight, Nine, Ten, and Eleven, defendant Fernandez

3   may be found guilty of making a false statement during the purchase

4   of a firearm, even if defendant Fernandez personally did not commit

5   the act or acts constituting the crime but aided and abetted in its

6   commission.  To "aid and abet" means intentionally to help someone

7   else commit a crime.  To prove defendant guilty of making a false

8   statement during the purchase of a firearm by aiding and abetting,

9   the government must prove each of the following beyond a reasonable

10  doubt:

11  First, someone else committed the crime of making a false

12  statement during the purchase of a firearm;

13  Second, the defendant aided, counseled, commanded, induced or

14  procured that person with respect to at least one element of the

15  crime;

16  Third, the defendant acted with the intent to facilitate the

17  crime; and

18  Fourth, the defendant acted before the crime was completed.

19  It is not enough that the defendant merely associated with the

20  person committing the crime, or unknowingly or unintentionally did

21  things that were helpful to that person, or was present at the scene

22  of the crime.  The evidence must show beyond a reasonable doubt that

23  the defendant acted with the knowledge and intention of helping that

24  person commit the crime of making a false statement during the

25  purchase of a firearm.

26  A defendant acts with the intent to facilitate the crime when

27  the defendant actively participates in a criminal venture with

28

15

advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

Ninth Circuit Model Criminal Jury Instruction No. 5.1

1

**DEFENDANT FERNANDEZ'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 41**

Mr. Fernandez objects to the government's proposed jury instruction no. 41 because the instruction fails to address a specific time that the defendant must possess the advance knowledge of the crime. Without any indication as to when the defendant must have advance knowledge, the jury could erroneously convict the defendant for being in a time and place where he realistically has no way of walking away from the crime and as such only participates against his will.

In *Rosemond v. United States*, 134 S.Ct. 1240 (2014), the Supreme Court reversed an aiding and abetting conviction where the instruction "failed to convey that Rosemond had to have the advanced knowledge...that a confederate would be armed "such that" he c[ould] realistically walk away"). The instruction here is inconsistent with the dictate in *Rosemond* because it does not articulate the specific time at which Mr. Fernandez must have had knowledge of the unlawful agreement as an aider and abettor. Rather than make clear that, as an aider and abettor must have advanced knowledge of the crime at a point where he could realistically walk-away, this instruction impermissibly allows the jury to convict Mr. Fernandez for aiding and abetting so long as it found that his conduct falls at some point within the scope of the scheme and that at some time he became aware that his conduct reasonably could have been foreseen to be a necessary or natural consequence of the agreement.

For the foregoing reasons, Defendant Carlos Fernandez objects to the Government's proposed jury instruction number 41.

17

**GOVERNMENT'S POSITION RE: INSTRUCTION NO. 6**

The government's proposed instruction is the Ninth Circuit Model Criminal Jury Instruction No. 5.1 on aiding and abetting. Contrary to defendant's argument that the instruction risks that the defendant could be convicted "for being in a time and place where he realistically has no way of walking away from the crime," the fourth element of the instruction explicitly provides that the "defendant acted before the crime was completed." In addition, defendant's concern that he would be convicted even if he "only participates against his will," is similarly addressed by the Instruction's explanatory text requiring proof that the defendant "actively participates in a criminal venture with advanced knowledge of the crime." In addition, the explanatory text makes clear that it is not enough that the defendant "merely associated with" or "unknowingly or unintentionally did things" or "was present at the scene of the crime."

The government's proposed instruction accurately represents the law on aiding and abetting.