AMBROSIO RODRIGUEZ, (CA Bar No. 200880)
The Rodriguez Law Group
626 Wilshire Blvd. Ste. 900
Los Angeles, CA 90017
Telephone: (213) 995-6767
Facsimile: (213) 995-6368

Attorney for the Defendant,
Carlos Fernandez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>CARLOS FERNANDEZ, et al.,<br><br>            Defendant. | Case No. 18-CR-00121-SJO-1<br><br>OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 40<br><br>DATE: November 12, 2019<br>TIME:  10:00 a.m.<br>Courtroom of the<br>Honorable S. James Otero |

Defendant Carlos Fernandez by and through his attorney of record, Ambrosio E. Rodriguez, files his objections to the admissibility of the United States government's Exhibits Nos. 144, 147, 155, 159, 164, and 197(a)-201(A) as follows:

## I.    STATEMENT OF RELEVANT FACTS

Mr. Fernandez is charged with conspiracy to engage in and engaging in the business of dealing firearms without a license, in violation of Title 18, U.S.C. § 371 and 922(a)(1)(A). Mr. Fernandez is also charged with conspiracy to sell or otherwise dispose of a firearm to a prohibited person and to make false statements during the purchase of a firearm, in violation of Title 18, U.S.C. § 371.  The government further charged Mr. Fernandez with selling or otherwise disposing of a

1

firearm to a prohibited person, in violation of Title 18, U.S.C. § 922(d)(1), and aiding and abetting a false statement during the purchase of a firearm, in violation of Title 18, U.S.C. §§ 2 and 924(a)(1)(A).

The Government intends to introduce exhibits numbers 144, 147, 155, 159, 164, and 197(a)-201(B) which contain communication between Oscar Maravilla Camacho Jr. and an unindicted co-conspirator labeled "CC-1". The Government seeks to introduce these communications under the theory that these are coconspirator statements and thus not hearsay.

## II.   GOVERNMENT'S EXHIBITS 144, 147, 155, 159, 164, AND 197(A)-201(A) ARE HEARSAY NOT SUBJECT TO ANY EXCEPTION OR EXEMPTION.

"Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). A coconspirator statement is not hearsay if it is made during the course of and in furtherance of a conspiracy. F.R.E. 801(d)(2)(E). "In determining whether a statement is made 'in furtherance of' a conspiracy, the court *looks to the declarant's intent i*n making the statement, not the actual effect of the statement... To be 'in furtherance' a statement must advance a common objective of the conspiracy or set in motion a transaction that is an integral part of the conspiracy[.] *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993)(citations omitted).

a.   *Exhibit 144*

The Government seeks to introduce as Exhibit No. 144, a text message in which Mr. Camacho sends a picture of two pistols in a box to CC-1 on November 07, 2016 at 9:37 p.m. An admissible coconspirator statement is one made in furtherance of a conspiracy and during the course of the conspiracy. In the present

case, nothing indicates that Mr. Camacho was inducing CC-1 to deal with him or assist him in achieving the objective of the conspiracy. *U.S. v Foster*, 711 F.2d 871, 880 (9th Cir. 1983)( "Unless the declarant is seeking to induce the listener to deal with the conspirators or in any other way to cooperate or assist in achieving the conspirator's common objective, the declaration is inadmissible"). The text communication sent from Mr. Camacho to CC-1 does not induce CC-1 in anyway to deal or cooperate in the conspiracy. As such, it is not a coconspirator statement and should not be admitted under this theory. Additionally, these pictures were sent to CC-1 after the commission of any alleged conspiracy as the guns would have already been sold by Mr. Fernandez to Mr. Camacho. At this point, the conspiracy would have been over. "Statements made by coconspirators after the end of a conspiracy cannot be in furtherance of its objects. *U.S. v. Tille*, 729, F.2d 614, 620 (9th Cir. 1984).

b. *Exhibit 147*

The Government seeks to introduce as Exhibit No. 147, a text message communication in which Mr. Camacho sends two pictures to CC-1 on November 8, 2016 at 3:36 p.m. Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way, this statement should also be excluded. *U.S. v. Foster*, 711 F.2d at 880. Additionally, these pictures were sent to CC-1 after the commission of any alleged conspiracy.

c. *Exhibit 155*

The Government seeks to introduce as Exhibit No.155, a text message communication in which Mr. Camacho sends two pictures to CC-1 on November 23, 2016 at 9:18 p.m. Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

//

d. *Exhibit 159*

The Government seeks to introduce as Exhibit No.159, a text message communication in which Mr. Camacho sends a picture of two pistols to CC-1 on December 15, 2016 at 10:28 p.m. Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

e. *Exhibit 164*

The Government seeks to introduce as Exhibit No.164, a text message communication in which Mr. Camacho sends two pictures to CC-1 on December 15, 2016 at 9:32 p.m. Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

f. *Exhibit 197A*

The Government seeks to introduce as Exhibit No.197A, a series of text messages in which Mr. Camacho sends a picture of two guns to CC-1 and states "The one on top is your brother in laws, and the one below is mine." CC-1 then replies "They're pretty" to which Mr. Camacho replies "Yes." The statements were made on November 07, 2016 from 9:37 p.m. to 9:42 p.m. "Statements made for personal objectives outside of the conspiracy or as part of idle conversation are not admissible under Rule 801(d)(2)(E). *U.S. v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007). Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

g. *Exhibit 198A*

The Government seeks to introduce as Exhibit No.197A, a series of text messages in which Mr. Camacho sends two picture of a gun to CC-1 and states

4

"Your other pistol you wanted has arrived." CC-1 then replies "What about mine" to which Mr. Camacho replies "I have already told the guy he is going to advise me when it arrives it is a little bit difficult because I want it with no paperwork. You remember I explained this to you. But I will get it for you my love." CC-1 then states "Ok." The statements were made on November 23, 2016 from 9:18 p.m. to 9:37 p.m. There is no indication that these statements were made in furtherance of any agreement between co-conspirators. "Statements made for personal objectives outside of the conspiracy or as part of idle conversation are not admissible under Rule 801(d)(2)(E). *U.S. v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007). Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

h. *Exhibit 199A*

The Government seeks to introduce as Exhibit No.199A, a series of text messages in which Mr. Camacho sends two picture of a gun to CC-1 and which CC-1 claims the firearm as hers. These statements were made on December 15, 2016 from 9:32 p.m. to 9:35 p.m. "Statements made for personal objectives outside of the conspiracy or as part of idle conversation are not admissible under Rule 801(d)(2)(E). *U.S. v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007). Because this statement was not one made to induce CC-1 to deal or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

i. *Exhibit 200A*

The Government seeks to introduce as Exhibit No. 200A, a series of text messages in which Mr. Camacho sends a picture of two guns to CC-1 and a text saying "I purchased the bottom one" to which CC-1 states "what great taste." These statements were made on December 15, 2016 from 10:28 p.m. to10:29 p.m.

Confessions or admissions of a co-conspirator do not serve to further a conspiracy and merely narrative declarations are not statements in furtherance of a conspiracy either. *United States v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981). Because this statement was not one made to induce CC-1 to deal, further, or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

    j. *Exhibit 201A*

    The Government seeks to introduce as Exhibit No.201A, a series of text messages in which Mr. Camacho sends a picture of a guns to CC-1 and a text saying "On its way home" to which CC-1 states "Mine or yours" and Mr. Camacho then replies "to my home." These statements were made on January 03, 2017 from 1:12 p.m. to1:22 p.m. Merely narrative declarations are not statements in furtherance of a conspiracy. *United States v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981). Because this statement was not one made to induce CC-1 to deal, further, or cooperate in the conspiracy in any way and because it was made after the alleged conspiracy this statement should also be excluded.

    **III.    CONCLUSION**

    For the foregoing reasons, Defendant Carlos Fernandez objects to the admissibility of the United States Government's Exhibits Nos. 144, 147, 155, 159, 164, and 197(a)-201(A).


    Respectfully submitted this 11th day of November 2019.


                      /s/ Ambrosio E. Rodriguez
                      Ambrosio E. Rodriguez
                  Attorney for Defendant Carlos Fernandez

6