NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    katherine.rykken@usdoj.gov
                veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CARLOS MIGUEL FERNANDEZ, et al.,<br><br>        Defendants. | No. CR 18-121(A)-SJO<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT FERNANDEZ'S OBJECTIONS TO THE ADMISSIBILITY OF CERTAIN EXHIBITS (CR 231) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Katherine A. Rykken and Veronica Dragalin, hereby files its Response to Defendant CARLOS MIGUEL FERNANDEZ's Objections to the Admissibility of Government Exhibit Nos. 144, 147, 155, 159, 164, and 197A-201A (CR 231).[1]

---

[1] Defendant's "Objections" is incorrectly captioned and docketed as "Objections to Government's Proposed Jury Instruction No. 40."

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 15, 2019       Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/ Veronica Dragalin
KATHERINE A. RYKKEN
VERONICA DRAGALIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant CARLOS MIGUEL FERNANDEZ ("FERNANDEZ") filed objections to the admissibility of government exhibits 144, 147, 155, 159, 164, and 197A-201A.  These exhibits are all text messages between Oscar Maravilla Camacho, Jr. ("Camacho Jr.") and unindicted co-conspirator 1, who is referred to as "CC-1" in the indictment.  The text messages fall into two categories: (1) text messages between Camacho Jr. and CC-1 transmitting photographs only (Exhibits 144, 147, 155, 159, and 164); and (2) text messages between Camacho Jr. and CC-1 containing statements (197A-201A).  These text messages are relevant because Camacho Jr. having photographs of the guns on his phone and communications about the guns tends to show he possessed these guns, was the actual owner of the guns, and controlled the guns.  The first category of text messages does not present a hearsay issue because they do not contain any "out of court statements."  Photographs are not statements.  The second category of text messages containing communications are admissible because they meet the requirements for co-conspirator statements under Rule 801(d)(2)(E).

**II.   ARGUMENT**

    **A.   The Text Messages Are Relevant**

The government has alleged that defendant FERNANDEZ knowingly disposed of a firearm to a felon in violation of 18 U.S.C. § 922(d)(1).  The term "dispose of" means to transfer a firearm so that the transferee acquires possession of the firearm.  See, e.g., United States v. Jefferson, 334 F.3d 670, 675 (7th Cir. 2003) (approving of "definition of 'dispose of,' [as] 'to transfer a firearm so that the transferee acquires possession of the firearm'").

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. See Ninth Circuit Model Criminal Jury Instruction No. 3.15 (Possession – Defined).

The government therefore must prove that Camacho Jr. possessed the guns that defendant FERNANDEZ sold to him. Introducing evidence that Camacho Jr. sent photographs of and text messages about the guns from his phone to another person is relevant to show that Camacho Jr. had physical control of the guns, and had the power and intention to control the guns.

**B.     Text Messages Containing Photographs Are Not Hearsay**

Defendant objects to Exhibit 144, 147, 155, 159, and 164 on the ground that the text messages do not meet the standard for co-conspirator statements. (CR 231 at p. 2-4.) These exhibits contain only photographs, and are therefore not "out of court statements" or hearsay. See, e.g., United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980) ("a photograph is not an assertion, oral, written, or non verbal, as required by Fed. R. Evid. 801(a)").

**C.     Text Messages Between Two Co-Conspirators Are Admissible Against a Third Member of the Conspiracy**

Defendant objects to Exhibit 197A, 198A, 199A, 200A, and 201A on the same ground, asserting that they do not meet the co-conspirator statement exception. The government will only seek to admit Exhibit 198A, 199A, and 201A.

Count Four of the First Superseding Indictment alleges that "defendants FERNANDEZ, CAMACHO JR., CAMACHO SR., and CAMACHO MARAVILLA, together with others known and unknown to the Grand Jury," knowingly conspired to commit various offenses against the United

States, including disposing of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d)(1).  (FSI ¶25.)  The indictment alleges various overt acts in furtherance of the charged conspiracy, including the three specific text messages the government intends to introduce as Exhibits 198A, 199A, and 201A.  Specifically:

- Overt Act No. 19 alleges: "On November 23, 2016, defendant CAMACHO JR. had a text message conversation with CC-1 regarding the purchase of a firearm.  During that conversation, defendant CAMACHO JR. sent via text message two photographs of a pistol, with a serial number ending in 0167, in a red box with a key to CC-1, writing (in Spanish): "[Your other pistol you wanted has arrived.]"  CC-1 responded (in Spanish): "[What about mine?]"  Defendant CAMACHO JR. then wrote (in Spanish): "[I have already told the guy, he is going to advise me when it arrives.  It is a little bit more difficult because I want it with no papers.  You remember I explained this to you.  I will get it for you my love.]"  (Exhibit 198A)

- Overt Act No. 25 alleges: "On December 15, 2016, defendant CAMACHO JR. had a text message conversation with CC-1 regarding the purchase of a firearm.  During that conversation, defendant CAMACHO JR. sent two photographs of a Colt .380 caliber pistol with serial number MU24832 to CC-1.  CC-1 responded (in Spanish): "[This one is mine.]"  Defendant CAMACHO JR. responded (in Spanish): "Working on it... I asked him to sell it to me without any paperwork.  I have almost convinced him... So you know that I have not forgotten you."  (Exhibit 199A)

- Overt Act No. 29 alleges: "On January 3, 2017, defendant CAMACHO JR. had a text message conversation with CC-1 regarding the purchase of a firearm.  CAMACHO JR. sent a photograph of the MU24832

3

1  pistol to CC-1.  CC-1 responded (in Spanish): "[Yours or mine.]"
2  Defendant CAMACHO JR. then wrote (in Spanish): "[For my home.  Yours
3  has arrived going to send.  It's yours.]"  CC-1 wrote (in Spanish):
4  "[Hahaha good.]"  (Exhibit 201A)
5     Declarations by one co-conspirator during the course of, and in
6  furtherance of, a conspiracy may be used against another conspirator
7  because such declarations are not hearsay.  Fed. R. Evid.
8  801(d)(2)(E).  Statements made in furtherance of a conspiracy are not
9  "testimonial" and, consequently, do not violate the Confrontation
10 Clause.  Crawford v. Washington, 541 U.S. 36, 56 (2004).
11 Accordingly, the admission of co-conspirator statements pursuant to
12 Fed. R. Evid. 801(d)(2)(E) requires only a foundation that: (1) the
13 declaration was made during the life of the conspiracy; (2) it was
14 made in furtherance of the conspiracy; and (3) there is, including
15 the co-conspirator's declaration itself, sufficient proof of the
16 existence of the conspiracy and of the defendant's connection to it.
17 See Bourjaily v. United States, 483 U.S. 171, 173, 181 (1987).  These
18 three requirements are met in this case.
19    First, the declarations in Exhibits 198A, 199A, and 201A were
20 clearly made during the life of the conspiracy.  The conspiracy in
21 Count Four is alleged to have occurred between May 29, 2016 and
22 December 27, 2017.  All three text message conversations fall within
23 the life of the conspiracy.
24    Second, the statements in the three exhibits were made in
25 furtherance of the conspiracy to dispose of firearms to a prohibited
26 person.  The co-conspirator statement need not have been made
27 exclusively, or even primarily, to further the conspiracy.
28 Garlington v. O'Leary, 879 F.2d 277, 284 (7th Cir. 1989).  Statements

made with the intent to further the conspiracy are admissible, whether or not they actually result in any benefit to the conspiracy. United States v. Schmit, 881 F.2d 608, 612 (9th Cir. 1989); United States v. Zavala-Serra, 853 F.2d 1512, 1516 (9th Cir. 1988).

Camacho Jr.'s statements in these text messages are in furtherance of the charged conspiracy because they acknowledge that a conspiracy in fact existed between Camacho Jr. and defendant FERNANDEZ. The text messages confirm that Camacho Jr. was the actual buyer of the guns, and they refer to conversations with defendant FERNANDEZ in furtherance of the conspiracy to dispose of firearms to a felon.

The statements were in furtherance of the charged conspiracy for the additional reason that each exhibit demonstrates a conversation between Camacho Jr. and CC-1 regarding the acquisition and disposition of firearms to a prohibited person. CC-1's phone number and communications between Camacho Jr. and CC-1 indicate that CC-1 was located in Mexico. Because CC-1 was located outside the United States, the disposal of a firearm to her would be prohibited. 18 U.S.C. § 554 (prohibits knowingly exporting firearms outside the United States without a license). The alleged conspiracy in Count Four includes this conduct.

Third, there is sufficient proof of the existence of the conspiracy and of defendant FERNANDEZ's connection to it. Government Exhibit 171A (which has already been admitted by stipulation), establishes that defendant FERNANDEZ was aware that Camacho Jr. was acquiring firearms for his girlfriends. Specifically, defendant FERNANDEZ wrote in text messages to Camacho Jr.: "Hey I got a box just like the one for ur Vicente Guerrero[.] If ur interested in it

5

for one of your other girls[.]  The red wooden box[.]  With the key and all[.]"  Exhibit 198A is a text message conversation between Camacho Jr. and CC-1 sending photographs of a gun in a red wooden box with a key, with Camacho Jr. writing: "Your other pistol you wanted has arrived."  Defendant FERNANDEZ's subsequent text messages with Camacho Jr. shows that defendant FERNANDEZ knew the gun in the red wooden box with a key was for one of Camacho Jr.'s "girls."  During a search of Camacho Jr.'s residence, agents seized the red wooden box with a key, but could not find the gun, further corroborating that Camacho Jr. acquired the gun for his girlfriend in Mexico from defendant FERNANDEZ, with defendant FERNANDEZ's full knowledge of the scheme.

That defendant FERNANDEZ was not a party to these text message communications does not defeat the co-conspirator exception.  The defendant need not be present at the time the co-conspirator made the statement.  Sendejas v. United States, 428 F.2d 1040, 1045 (9th Cir. 1970) ("It is well settled that a conversation between two co-conspirators which takes place out of the presence of a third co-conspirator is admissible into evidence against the third co-conspirator.").  Furthermore, "[i]t is not necessary that the statement be made to another member of the conspiracy for it to come under [R]ule 801(d)(2)(E)."  United States v. Lloyd, 807 F.3d 1128, 1160-61 (9th Cir. 2015).

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court overrule defendant FERNANDEZ's objections and admit government exhibits 144, 147, 155, 159, 164 and 198A, 199A, and 201A.

6