NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
       1500 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-0647
       Facsimile: (213) 894-0141
       E-mail:    katherine.rykken@usdoj.gov
                  veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-121(A)-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF REGARDING ANTICIPATED DEFENSE CASES |
| v. | |
| CARLOS MIGUEL FERNANDEZ, et al., | |
| Defendants. | |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Katherine A. Rykken
and Veronica Dragalin, hereby files its Trial Brief regarding issues
that may arise in defendants' respective cases at trial, including
the scope of cross-examination of the defendant, should either
defendant testify, and the scope of permissible character evidence an
cross examination of character witnesses.

1    This Trial Brief is based upon the attached memorandum of points

2    and authorities, the files and records in this case, and such further

3    evidence and argument as the Court may permit.

4    Dated: November 15, 2019          Respectfully submitted,

5                                      NICOLA T. HANNA
                                       United States Attorney
6
                                       BRANDON D. FOX
7                                      Assistant United States Attorney
                                       Chief, Criminal Division
8

9
                                       KATHERINE A. RYKKEN
10                                     VERONICA DRAGALIN
                                       Assistant United States Attorneys
11
                                       Attorneys for Plaintiff
12                                     UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant CARLOS FERNANDEZ ("FERNANDEZ") has indicated his intention to potentially testify and to call approximately five character witnesses in his defense at trial.  Defendant EDWARD ARAO ("ARAO") has also indicated his intention to potentially testify in his own defense at trial.

In anticipation of certain issues that may arise in the defendants' respective cases, the government files this Trial Brief to address the law on the scope of cross examination of the defendant(s), the scope and form of permissible character evidence, and the cross examination of character witnesses.

**II.   ARGUMENT**

**A.   Cross-Examination of Defendants**

1.   <u>Scope of Cross-Examination</u>

A defendant who testifies at trial waives his right against self-incrimination and subjects himself to cross-examination concerning all matters reasonably related to the subject matter of his testimony.  The scope of defendant's waiver is coextensive with the scope of relevant cross-examination.  <u>United States v. Cuozzo</u>, 962 F.2d 945, 948 (9th Cir. 1992); <u>United States v. Black</u>, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver.  Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted). Defendant has no right to avoid cross-examination on matters that call into question his claim of innocence.  <u>United States v.</u>

1   <u>Mehrmanesh</u>, 682 F.2d 1303, 1310 (9th Cir. 1982), overruled on other

2   grounds by <u>United States v. Palafox</u>, 764 F.2d 558, 563 (9th Cir.

3   1985); <u>United States v. Miranda-Uriarte</u>, 649 F.2d 1345, 1353-54 (9th

4   Cir. 1981).

5            2.   <u>Other Act Evidence</u>

6         Defendant's credibility will be crucial if he chooses to

7   testify.  Rule 404(b) does not proscribe the use of other act

8   evidence as an impeachment tool during cross-examination.  <u>United</u>

9   <u>States v. Gay</u>, 967 F.2d 322 (9th Cir. 1992).  Accordingly, cross-

10  examination about other possible untruthful conduct in which he may

11  have engaged is necessary for the jury to weigh defendant's

12  credibility.  As the Ninth Circuit has held, Rule 608(b):

13  "specifically contemplates inquiries into prior behavior in order to

14  challenge a witness's credibility.  Evidence of prior frauds is

15  considered probative of the witness's character for truthfulness or

16  untruthfulness."  <u>Id</u>. at 328; <u>see also</u> <u>United States v. Reid</u>, 634

17  F.2d 469, 474 (9th Cir. 1980) ("The fact that appellant made the

18  false statements [in a letter] eight years prior to trial did not

19  destroy the relevance of the statements for impeachment purposes.");

20  <u>United States v. Penaflor</u>, 91 F.3d 157 (9th Cir. 1996) ("As

21  Penaflor's credibility was at issue, proof that she had previously

22  made false statements (including on her tax returns, under the

23  penalty of perjury) was relevant and not unduly prejudicial.").

24        Moreover, the prejudicial effect of such evidence, if any, can

25  be addressed by a limiting instruction.  <u>United States v. Hadley</u>, 918

26  F.2d 848, 852 (9th Cir. 1990).  It is well-settled that the fact that

27  the admission of such evidence might harm the defendant's case does

28  not constitute unfair prejudice.  <u>United States v. Bailleux</u>, 685 F.2d

1105, 1111 (9th Cir. 1982).   Unfair prejudice "means an undue
tendency to suggest decision on an improper basis, commonly, though
not necessarily, an emotional one."   Fed. R. Evid. 403, Advisory
Comm. nn.   Thus, admission of evidence regarding the defendant's
other bad acts might constitute unfair prejudice if the jury in this
case considered the evidence to establish defendant's propensity to
commit the charged crime.   However, this potential unfair prejudice
can be cured by a limiting instruction that the jury should consider
the evidence only for the purpose for which it is introduced.
<u>Hadley</u>, 918 F.2d at 852; <u>United States v. Boise</u>, 916 F.2d 497, 501
(9th Cir. 1990).

> 3.   <u>Impeachment by Contradiction</u>

Under Federal Rule of Evidence 607, the government may offer
extrinsic evidence to prove that specific testimony is false:
"[D]irect-examination testimony containing a broad disclaimer of
misconduct sometimes can open the door for extrinsic evidence to
contradict even though the contradictory evidence is otherwise
inadmissible under Rules 404 and 608(b)."   <u>United States v. Castillo</u>,
181 F.3d 1129, 1131-32 (9th Cir. 1999); <u>see also United States v.
Antonakeas</u>, 255 F.3d 714, 724 (9th Cir. 2001) ("Federal Rule of
Evidence 607 allows the admission of extrinsic evidence to impeach
specific errors or falsehoods in a witness's testimony on direct
examination.").

**B.   Character Witnesses**

The Supreme Court has recognized that character evidence –
particularly cumulative character evidence – has weak probative value
and great potential to confuse the issues and prejudice the
complaining party.   <u>See</u> <u>Michelson v. United States</u>, 335 U.S. 469,

1  480, 486 (1948).  The Court has thus given trial courts wide
2  discretion to limit the presentation of character evidence.  Id.

3         1.  Permissible Scope of Character Evidence

4      A character witness can testify only to an opinion or reputation
5  as to a pertinent character trait of the defendant.  Fed. R. Evid.
6  405(a).  In this particular case, it would be proper for character
7  witnesses to testify about defendant's character trait for law-
8  abidingness.  United States v. Diaz, 961 F.2d 1417, 1419 (9th Cir.
9  1992).

10      If the defendant testifies, his character trait for honesty and
11  truthfulness also becomes relevant.  Character witnesses may
12  therefore testify regarding defendant's character for truthfulness if
13  defendant testifies.  Fed. R. Evid. 608(a).

14      Because defendant FERNANDEZ is charged with aiding and abetting
15  false statements, even if he does not testify, his character for
16  honesty and truthfulness is a relevant character trait.  See, e.g.,
17  United States v. Darland, 626 F.2d 1235, 1237 (5th Cir. 1980)
18  ("Evidence reflecting a defendant's reputation for truth and veracity
19  is relevant where truth and veracity is put at issue by the defendant
20  taking the stand or where the crime is a crimen falsi."); United
21  States v. Hough, 803 F.3d 1181, 1190 (11th Cir. 2015) ("Evidence of a
22  criminal defendant's 'pertinent' character trait -- such as honesty
23  and truthfulness in a fraud case -- is admissible.").

24      2.  Permissible Form of Character Evidence

25      The form of the proffered evidence must be proper.  Federal Rule
26  of Evidence 405(a) sets forth the sole methods for which character
27  evidence may be introduced.  It specifically states that where
28  evidence of a character trait is admissible, proof may be made in two

ways: (1) by testimony as to reputation and (2) by testimony as to opinion.   Thus, defendant may not introduce specific instances of his good conduct through the testimony of others.   See Michelson, 335 U.S. 469, 477 ("The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental or moral traits."); see also United States v. Camejo, 929 F.2d 610, 613 (9th Cir. 1991) (evidence of specific instances is not admissible to prove the defendant's good character); United States v. Hedgcorth, 873 F.2d 1307, 1313 (9th Cir. 1989) (testimony of defendant regarding his role as government intelligence operative, offered to show that he was "patriotic," "pro-government" individual unlikely to engage in acts of terrorism and to prove his lawful character was properly excluded as an attempt to prove character by specific instances of conduct); French v. United States, 232 F.2d 736 (5th Cir. 1956) (it is not permissible to show good character of the defendant by evidence of particular and specific facts as, for example, battle citations).

### 3.   Cross Examination of Character Witnesses

On cross-examination of a defendant's character witness, the government may inquire into specific instances of a defendant's past conduct relevant to the character trait at issue.   See Fed. R. Evid. 405(a).   In particular, a defendant's character witnesses may be cross-examined about their knowledge of the defendant's wrongful acts.   See Michelson, 335 U.S. at 481.   The only prerequisite is that there must be a good faith basis that the incidents inquired about are relevant to the character trait at issue.   See United States v. McCollom, 664 F.2d 56, 58 (5th Cir. 1981).   Here, the two character traits at issue are law-abidingness and truthfulness.