NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    katherine.rykken@usdoj.gov
                veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-121(A)-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO ADMIT EXHIBIT 204 |
| v. | |
| CARLOS MIGUEL FERNANDEZ, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Katherine A. Rykken and Veronica Dragalin, hereby files its Motion in Limine to Admit Government Exhibit 204, a short audio clip of an interview between government witness Adalberto Pelayo and case agents pursuant to Federal Rule of Evidence 106.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 16, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/ Veronica Dragalin
KATHERINE A. RYKKEN
VERONICA DRAGALIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On November 14, 2019, during the cross-examination of government witness Adalberto Pelayo, counsel for defendant FERNANDEZ quoted multiple times from a recorded interview between the witness and case agents. Defense counsel quoted only short snippets to the jury, taken out of context, to imply that the witness changed his story during the interview only after being badgered by the agents. The short statements counsel quoted, out of context, were entirely misleading. For the reasons set forth below, pursuant to Federal Rule of Evidence 106, the government respectfully moves to admit Government Exhibit 204, an audio clip that is three minutes and 35-seconds in length and is the portion of the interview defense counsel misleadingly, and at length, quoted to the jury. Attached hereto is a transcript of Exhibit 204.

**II.   ARGUMENT**

Federal Rule of Evidence 106 provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The comments to the Rule make clear that it is aimed at "the misleading impression created by taking matters out of context." Fed. R. Evid. 106, Comment.

As Courts in this district have recognized, "[t]he Rule of Completeness aims to avoid misrepresentation of a statement by requiring presentation of those portions of the statement that are relevant to understanding its meaning." United States v. Castro-

Cabrera, 534 F. Supp. 2d 1156, 1159–60 (C.D. Cal. 2008).  "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under [Federal] Rules [of Evidence] 401 and 402." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 172 (1988).

The Rule of Completeness "does not compel admission of otherwise inadmissible hearsay evidence." United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996).  However, the Rule of Completeness was designed to prevent a party from offering a "misleadingly-tailored snippet." See id.  "The Rule of Completeness warrants admission of statements in their entirety when [one party] introduces only a portion of inextricably intertwined statements." Castro-Cabrera, 534 F. Supp. 2d 1156, 1159–60.

That is precisely what has happened here during cross-examination.  Defense counsel created a misleading impression by repeatedly and out of order reading only snippets of the interview out of context.  He did so by repeatedly reading quotes from the transcript to the witness (and jury), and having the witness confirm that he remembered each quote.  Those excerpts have therefore been placed before the jury.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant this motion in limine to admit Government Exhibit 204.

2