NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0647
    Facsimile: (213) 894-0141
    E-mail:    katherine.rykken@usdoj.gov
              veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-121(A)-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT ARAO'S MOTION FOR RECONSIDERATION OF ORDER DENYING THE INTRODUCTION OF EVIDENCE ON CROSS-EXAMINATION (CR 240) |
| v. | |
| CARLOS MIGUEL FERNANDEZ, et al., | |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Katherine A. Rykken and Veronica Dragalin, hereby files its Response to Defendant EDWARD ARAO's Motion for Reconsideration of Order Denying the Introduction of Evidence on Cross-Examination; in the Alternative Motion for Mistrial (CR 240).

1    This Response is based upon the attached memorandum of points

2  and authorities, the files and records in this case, and such further

3  evidence and argument as the Court may permit.

4  Dated: November 16, 2019          Respectfully submitted,

5                                    NICOLA T. HANNA
                                     United States Attorney
6
                                     BRANDON D. FOX
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                    _____
                                     KATHERINE A. RYKKEN
10                                   VERONICA DRAGALIN
                                     Assistant United States Attorneys
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.   INTRODUCTION**

3          During the cross-examination of Special Agent Hart, counsel for

4    defendant EDWARD ARAO attempted to elicit defendant's self-serving

5    exculpatory statements to the agents during a recorded interview.

6    The government objected on hearsay grounds.  This Court correctly

7    ruled that defendant cannot elicit his own out-of-court statements to

8    agents because such statements are hearsay under Rule 801(c), and

9    because allowing defendant to do so would violate Rule 403 and result

10   in unfair prejudice to the government.

11         Defendant argues that he should be able to introduce self-

12   exculpatory hearsay statements to prove the truth of the matter

13   asserted, that is, that defendant did not know that his conduct was

14   unlawful.  The rules of evidence flatly prohibit the admission of

15   this evidence.  Ninth Circuit law on this issue is clear.  A

16   defendant may not elicit his own prior statements through cross-

17   examination of a government witness because such statements are

18   hearsay.  As the Court has already stated, defendant is free to

19   testify about his state of mind and subject himself to cross-

20   examination.

21   **II.  ARGUMENT**

22         **A.   The Court Has Discretion to Limit Cross Examination**

23         Federal Rule of Evidence 611(b) commits the scope of cross-

24   examination to the trial court's discretion.  See United States v.

25   Miranda-Uriarte, 649 F.2d 1345, 1353 (9th Cir. 1981); United States

26   v. Green, 648 F.2d 587, 594 (9th Cir. 1981).  A trial court has "wide

27   latitude" to limit defense counsel's questioning of a witness, based

28   on concerns about, inter alia, "prejudice, confusion of the issues,

. . ., or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); see also Michigan v. Lucas, 500 U.S. 145, 149 (1991). The defendant's right to present evidence thus is not absolute; he must comply with established rules of evidence and procedure. Perry v. Rushen, 713 F.2d 1447, 1450 (9th Cir. 1983).

### B. The Court's Ruling Was Correct

A defendant's prior statement is admissible only if offered against him; a defendant may not elicit his own prior statements, either through defense witnesses or by cross-examination of government witnesses because such statements are hearsay. Fed. R. Evid. 801(d)(2). To permit otherwise would place a defendant's statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000). Defendant cites no cases to the contrary.

Ortega is squarely on point. In that case, "the government moved to preclude [defendant] from eliciting his own exculpatory statements, which were made within a broader, inculpatory narrative." Id. at 681. The defendant sought to elicit exculpatory statements he made to agents during the cross-examination of the agent at trial. This included a statement that the defendant "had no knowledge" of drugs found in his residence. Id. Here too, defendant is seeking to introduce his own exculpatory statements regarding his knowledge, specifically, his knowledge of the law.

In Ortega, the district court granted the government's motion, barring defendant from eliciting his own exculpatory statements

2

through cross-examination of an agent.  On appeal, the defendant in Ortega raised arguments similar to the ones defendant ARAO sets forth in this case.  There, defendant argued, among other things, that: (1) the district court's ruling violated the Confrontation Clause; and (2) "the district court should have introduced these exculpatory statements under Federal Rule of Evidence 807 in order to serve the interests of justice." Id.

The Ninth Circuit held that "the district court did not abuse its discretion when it limited [defendant]'s ability to elicit his exculpatory hearsay statements on cross-examination." Id.  A defendant's exculpatory statements are "inadmissible even if they were made contemporaneously with other self-inculpatory statements." Id. (citing Williamson v. United States, 512 U.S. 594, 599 (1994)). This is because "self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, see Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay." Id.; see also Williamson, 512 U.S. at 599 (finding that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]").  As the Ninth Circuit made clear in Ortega, a defendant "should not be allowed to use the Confrontation Clause as a means of admitting hearsay testimony through the 'back door' without subjecting himself to cross-examination." Id. at 683.

This does not mean, of course, that defendant is prevented from introducing evidence necessary to put on his defense.  If, for instance, he wishes to offer evidence regarding his state of mind during the relevant time period, he can offer such evidence by simply

testifying as to his state of mind and knowledge of the law during
the charged conduct.  What he cannot do, however, is elicit from a
witness on cross-examination any of his prior statements regarding
his state of mind.  See Fed. R. Evid. 801(c); Ortega, 203 F.3d at
682.

Defendant argues that his Fifth Amendment right not to testify
is infringed by the Court's ruling.  The Ninth Circuit addressed this
same issue in United States v. Fernandez, 839 F.2d 639, 640 (9th Cir.
1988).  There, during the "cross-examination of F.B.I. Agent Thomas
Bateman, defense counsel sought to elicit a post-arrest statement
[defendant] made to Bateman in which [defendant] denied committing
the robbery." Id. at 640.  The district court sustained the
government's objection that the question sought to elicit hearsay.
On appeal, the Ninth Circuit made the same observation as this Court.
A defendant is "not prevented from introducing his [own exculpatory
statements] – he could have testified to the statement himself.  He
chose not to testify." Id.  In Fernandez, like in this case, it was
"obvious defense counsel wished to place [defendant]'s statement to
[an agent] before the jury without subjecting [defendant] to cross-
examination, precisely what the hearsay rule forbids." Id.

Defendant's argument that his own prior out-of-court statement
is not hearsay, or that it otherwise meets a hearsay exception is
flat-out wrong.  First, defendant disingenuously argues that his
statement to agents "was not being offered for its truth."  (CR 240
at p. 4.)  At the same time, defendant recognizes that "[t]he only
issue in this case is Mr. Arao's willfulness" (id. at 2), or, in
other words, his knowledge that his conduct was unlawful.  To prove
that defendant did not know his conduct was unlawful, defendant seeks

4

to admit his own out-of-court statement to agents that he did not know his conduct was unlawful.  This is a quintessential out-of-court statement that is offered only to prove the truth of the matter asserted.

Second, defendant argues that he seeks to offer the statements "to demonstrate Mr. Arao's state of mind, the agents' state of mind, and the effect on which such statements had on the hearers." (CR at p. 5.)  This argument is patently incorrect.  Defendant fails to even articulate what effect on the hearer is relevant.  The agents' state of mind and their statements to defendant are completely irrelevant to the issue of defendant's willfulness.  As defense counsel surely understands, agents can make untrue statements during the course of a suspect interview.  An attempt to introduce such statements to argue that the agents themselves were confused about the law would be misleading and confusing.  Lastly, defendant's "state of mind" during an interview with law enforcement is not the issue.  What is at issue is defendant's state of mind at the time of the charged conduct, not months later, during an interview with law enforcement, when he had every motive to lie and minimize his conduct.  Allowing defendant to introduce such unreliable statements without being subject to cross-examination would be unfairly prejudicial to the government and a clear violation of the hearsay rule.

A defendant's "state of mind" or mens rea is at issue in every criminal case.  If courts applied the "state of mind" hearsay exception for this purpose, every criminal defendant would argue that his self-serving exculpatory statements in post-arrest interviews are admissible, whether those statements are to the effect of "I didn't

know there were drugs in the suitcase" or "I didn't know that my conduct was against the law."  This is not what Rule 803(3) allows.

The law in the Ninth Circuit is clear.  A defendant may not introduce his own statements without being subjected to cross-examination.  This defendant must face the same difficult choice that every defendant faces in this situation – forego the use of self-serving exculpatory statements in an interview or take the stand. This choice does not violate due process or defendant's Constitutional rights.

### C.   Defendant Has Not Met the Standard for a Mistrial

A mistrial is not to be declared unless (1) there is "manifest necessity" for termination of the proceedings, or (2) "the ends of public justice" would otherwise be defeated.  <u>Arnold v. McCarthy</u>, 566 F.2d 1377, 1387-88 (9th Cir. 1978).  Essentially, a mistrial should be granted "[i]f an error would make reversal on appeal a certainty . . . ."  <u>Illinois v. Somerville</u>, 410 U.S. 458, 464 (1973); <u>see also</u> <u>United States v. Elliot</u>, 444 F.3d 1187, 1192 (9th Cir. 2006).  Absent such a level of error, no mistrial is warranted.  Defendant has not even argued that he has met this very high standard, nor could he, since the law clearly supports the Court's rather elementary evidentiary ruling.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant ARAO's motion to reconsider (CR 240).