NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0647
    Facsimile: (213) 894-0141
    E-mail:    katherine.rykken@usdoj.gov
               veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CARLOS MIGUEL FERNANDEZ, et al.,<br><br>      Defendants. | No. CR 18-121(A)-SJO<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT EDWARD ARAO'S MOTION FOR CURATIVE INSTRUCTION (CR 258)<br><br>Hearing date: November 20, 2019<br>Hearing time: 8:30 a.m.<br>Location:    Courtroom of the<br>             Hon. S. James Otero |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys KATHERINE A. RYKKEN and VERONICA DRAGALIN, hereby files its Opposition to Defendant EDWARD ARAO's Motion for Curative Instruction (CR 258).

//

1        This Opposition is based upon the attached memorandum of points

2    and authorities, the files and records in this case, and such further

3    evidence and argument as the Court may permit.

4    Dated: November 20, 2019          Respectfully submitted,

5                                      NICOLA T. HANNA
                                       United States Attorney
6
                                       BRANDON D. FOX
7                                      Assistant United States Attorney
                                       Chief, Criminal Division
8

9    _____
                                       KATHERINE A. RYKKEN
10                                     VERONICA DRAGALIN
                                       Assistant United States Attorneys
11
                                       Attorneys for Plaintiff
12                                     UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

DESCRIPTION                                                              PAGE

MEMORANDUM OF POINTS AND AUTHORITIES................................1

I.     INTRODUCTION................................................1

II.    DEFENDANT ARAO'S REQUEST FOR A CURATIVE INSTRUCTION SHOULD
       BE DENIED..................................................1

       A.   The Supreme Court Has Held that the Government's
            Rebuttal Argument Is Proper...........................1

       B.   Defendant ARAO's 404(b) Objection Had No Merit...........4

       C.   The Government Has Consistently Alleged Defendant ARAO
            Purchased Guns For Purpose of Reselling to Others........6

       D.   Defendant ARAO's Accusations of "Cumulative"
            Prosecutorial Misconduct throughout Trial Are
            Unfounded.............................................8

       E.   Defendant ARAO's Accusations of Prosecutorial
            Misconduct During Rebuttal Lacked Merit..................9

III.   CONCLUSION................................................10

i

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On November 19, 2019, the government attempted to argue in its rebuttal argument that defendant EDWARD ARAO ("ARAO") knew his conduct was unlawful because his charged conduct violated more than one law, including the law against straw purchases.  Defendant ARAO objected to this argument on the basis of Rule 404(b).  The Court sustained the objection.  Supreme Court authority makes clear that the government can argue that a defendant violated more than the licensing law in an unlawful gun dealing case.  Given this Supreme Court authority, it was not improper for the government to make this argument.  Defendant ARAO had no legal basis to make a Rule 404(b) objection.  The Court's sustaining the Rule 404(b) objection has prejudiced the government's case.  The government respectfully requests that the Court deny defendant ARAO's request for a curative instruction.[1]

**II.   DEFENDANT ARAO'S REQUEST FOR A CURATIVE INSTRUCTION SHOULD BE DENIED**

**A.   The Supreme Court Has Held that the Government's Rebuttal Argument Is Proper**

This Court instructed the jury: "Willfully, as used in this statute, requires proof that the defendant knew that his conduct was unlawful, but does not require proof that the defendant knew of the

---

[1] It is the government, not defendant ARAO, that was prejudiced based upon counsel's repeated speaking objections during argument that left the jury with the impression that the government's argument was improper.  The government recognizes that the Court sustained defendant's objections at the time following limited argument but respectfully requests that the Court reconsider its ruling after having the opportunity to consider the government's more fully developed arguments below.  The government is not seeking an opportunity to make further argument to the jury but requests reconsideration for purpose of clarifying the record.

1    federal licensing requirement."  This is not only the Ninth Circuit

2    Model Jury Instruction language for 18 U.S.C. § 922(a)(1)(A), and the

3    law in this Circuit, it is the law as explicitly set forth by the

4    Supreme Court in Bryan v. United States, 524 U.S. 184 (1998)

5    ("knowledge that the conduct is unlawful is all that is required").

6        Bryan applies directly to the facts in this case.  In that case,

7    like defendant ARAO, the defendant "was charged with a conspiracy to

8    violate 18 U.S.C. § 922(a)(1)(A), by willfully engaging in the

9    business of dealing in firearms, and with a substantive violation of

10   that provision." Id. at 184.  The evidence that the government

11   introduced at trial "proved that petitioner did not have a federal

12   license to deal in firearms; that he used so-called 'straw

13   purchasers' in Ohio to acquire pistols that he could not have

14   purchased himself; that the straw purchasers made false statements

15   when purchasing the guns; that petitioner assured the straw

16   purchasers that he would file the serial numbers off the guns; and

17   that he resold the guns on Brooklyn street corners known for drug

18   dealing." Id.  The evidence introduced at trial and the conduct

19   implicated in Bryan violated multiple laws, not just 18 U.S.C.

20   § 922(a)(1)(A), including the very issue defendant ARAO raises in

21   this case – straw purchases.  The Supreme Court concluded: "[t]he

22   evidence was unquestionably adequate to prove that petitioner was

23   dealing in firearms, and that he knew that his conduct was unlawful."

24   Id.  In particular, the Supreme Court observed: "Why else would he

25   make use of straw purchasers and assure them that he would shave the

26   serial numbers off the guns?  Moreover, the street corner sales are

27   not consistent with a good-faith belief in the legality of the

28   enterprise." Id. at fn. 8.  The Supreme Court quoted language from

                                    2

the Ninth Circuit making a similar point: "The district court found Perri knew a strawman transaction would violate the Act." Id. (quoting Perri v. Department of the Treasury, 637 F.2d 1332, 1336 (9th Cir. 1981).

Defendant ARAO objected during the government's rebuttal and asked this Court to declare a mistrial because of the government's improper argument.  This Court sustained defendant's objection during the rebuttal and precluded the government from arguing that defendant ARAO knew he was violating other laws.  Despite defense counsel's heated indignation at trial, both in front of the jury and in front of the Court, including repeatedly raising his voice, directing his comments and accusations of prosecutorial misconduct to the individual attorney and not to the Court, the facts in this case undermine his displayed shock and outrage.

Given controlling Supreme Court authority, and the government's burden to prove beyond a reasonable doubt that defendant ARAO knew that his conduct was unlawful, the government was entitled to argue that defendant ARAO knew he was violating other laws, not just the licensing requirement.  In fact, in Bryan, the government's theory of the case, its evidence, and argument[2] made this very same point – someone who engages in straw purchases knows that his conduct is

---

[2] See, e.g., Bryan v. U.S., 1998 WL 84387 (U.S.), 9 (U.S. Resp. Brief 1998) ("Underground firearms dealers—who often supply guns to drug dealers, violent criminals, or others who cannot lawfully acquire them—are not likely to consult federal law before engaging in their trade, or even to know whether it is federal, state, or local law they are violating. Yet such dealers are generally aware (as revealed by actions such as using straw purchasers or filing off serial numbers) that their actions are illicit.").

3

1   unlawful.   In this case, the government was precluded from making

2   this valid legal argument in rebuttal to defendant ARAO's closing.

3   **B.   Defendant ARAO's 404(b) Objection Had No Merit**

4        Defendant ARAO objected during the government's rebuttal on Rule

5   404(b) grounds and asked this Court to declare a mistrial because the

6   government's rebuttal argument was improper 404(b).   Defendant ARAO

7   is wrong on the law.

8        The Ninth Circuit has explained: "Rule 404(b) applies solely to

9   evidence of 'other' acts, <u>not to evidence of the very acts charged as</u>

10  <u>crimes in the indictment</u>." <u>United States v. Loftis</u>, 843 F.3d 1173,

11  1176 (9th Cir. 2016) (emphasis added).   The Court went on to explain:

12  "[o]ne of the key words in determining the scope of Rule 404(b) is

13  'other'; only crimes, wrongs, or acts 'other' than those at issue

14  under the pleadings are made inadmissible under the general rule."

15  <u>Id</u>. (citation omitted).   The Ninth Circuit has therefore held that

16  evidence "was not evidence of 'other crimes' under Rule 404(b) where

17  it was direct evidence of the ongoing conspiracy charged in the

18  indictment." <u>United States v. Ripinsky</u>, 109 F.3d 1436, 1442 (9th Cir.

19  1997) (overruled on other grounds by <u>United States v. Sablan</u>, 114

20  F.3d 913, 916 (9th Cir. 1997) (en banc)).

21       The Ninth Circuit has explained the rationale behind this rule

22  as applied to conspiracy cases in particular: "In cases where the

23  incident offered is a part of the conspiracy alleged in the

24  indictment, the evidence is admissible under Rule 404(b) because it

25  is not an 'other' crime.   The evidence is offered as direct evidence

26  of the fact in issue, not as circumstantial evidence requiring an

27  inference as to the character of the accused.   Such proof can be

28  quite time-consuming and it may be extremely prejudicial to the

4

defendant but the court would have no discretion to exclude it [under Rule 404(b)] because it is proof of the ultimate issue in the case. To the extent that these consequences may seem unfair, this is attributable to the nature of the conspiracy charge, not to any defect in the other crimes rule." Loftis, 843 F.3d at 1176 (citation and internal quotation marks omitted).

Here, the 41 straw purchases that the government proved at trial and attempted to argue in rebuttal are charged conduct and incidents that are "a part of the conspiracy alleged in the indictment." Id. It is by definition not "other acts" evidence under Rule 404(b). It was permissible to introduce this evidence at trial, and it was permissible for the government to argue that the nature of the straw purchases proved that defendant ARAO knew that his conduct was unlawful.

When the evidence at issue is "charged conduct, the government is not required to rely on the inextricably intertwined doctrine to avoid Rule 404(b)." United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012). However, under this alternative theory, the evidence and argument at issue in the government's rebuttal meets the standard for the "inextricably intertwined doctrine." Under that doctrine, "evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." Id. "This doctrine applies when the acts in question are so interwoven with the charged offense that they should not be treated as other crimes or acts for purposes of Rule 404(b)." Loftis, 843 F.3d at 1177.

The acts in question here – defendant ARAO engaging in straw

5

purchases to himself – are charged as a means by which the object of the conspiracy in Count One was to be accomplished.  See First Superseding Indictment ¶ 21(b) ("Defendant ARAO would transfer off-Roster firearms from Ronin Tactical Group to himself."); Overt Acts 61-101 (alleging the dates that defendant ARAO transferred firearms to himself and the subsequent dates that defendant ARAO resold the same firearms).  If the Court disagrees with the initial analysis that this evidence is not "other acts" because it is charged conduct, the acts in question are "interwoven with the charged offense" and therefore do not constitute "other act" evidence under Rule 404(b) under this alternate theory.

### C. The Government Has Consistently Alleged Defendant ARAO Purchased Guns for Purpose of Reselling to Others

The government's theory from the beginning of the case is that defendant ARAO purchased off-roster guns not for himself, but rather to re-sell to others.  (See Indictment (Dkt. No. 1) ¶ 15.)  In other words, defendant ARAO was straw purchasing off-roster guns.

The government's arguments in rebuttal were entirely consistent with the government's long-standing theory of the case and were a proper response to defendant ARAO's closing argument in which he asserted that he properly documented all of his firearm sales and was operating transparently.  The government has consistently articulated this theory of the case.

For example, on September 25, 2017, during an interview with defendant ARAO, the case agents explained this theory of the case, before the case was even charged: "So when you're transferring it over to yourself and then doing a private party transfer, it's like you're doing a straw purchase every time." (USAO_032759-61, pages

6

18-19 of ARAO recorded interview).  That defendant feigned ignorance in the face of being confronted by ATF agents about his illegal conduct does not prove that he is now shocked to hear this theory of the government's case.

In addition, the government produced evidence of defendant ARAO's straw purchases in multiple rounds of discovery beginning on April 6, 2018, held a reverse proffer with defendant ARAO on February 26, 2019, in which it explained that theory of the case.  In its opposition to defendant ARAO's motion to dismiss the case filed on October 11, 2019, the government again reiterated its theory of the case: "The conduct with which Arao is charged also describes 41 straw purchases to himself, which constitute the distinct criminal offense of making a false statement on ATF Form 4473."  (CR 179 at 15).  Again in its trial memorandum filed on November 6, 2019, the government reiterated this same theory of the case.  (CR 214 at p. 10).

During trial, the government admitted summary charts that emphasized how quickly defendant ARAO resold guns he purchased, which again indicates straw purchasing.  In both its opening statement and summation argument, the government explained that defendant ARAO bought off-roster guns with the intention of re-selling the guns to the public.  The government thus consistently and repeatedly asserted that defendant ARAO did not purchase the 41 off-roster guns for himself; rather, he was purchasing them for others (straw purchasing).  Finally, during the jury instruction conference, the government stated that, in rebuttal, the government may argue that defendant ARAO's conduct violated other laws.

Given the law on proper arguments in 922(a)(1) cases regarding a

defendant's violation of <u>other</u> laws, the law on "other act" evidence

charged in a conspiracy, and the events leading up to the

government's rebuttal, defense counsel's objection on Rule 404(b)

grounds for lack of notice lacked any merit.

### D.   Defendant ARAO's Accusations of "Cumulative" Prosecutorial Misconduct throughout Trial Are Unfounded

Defense counsel for defendant ARAO accused the government of

repeatedly violating the Court's rulings and orders in this case.  In

particular, defendant ARAO pointed to the government's question to

Special Agent Hart regarding his understanding and opinion of the

term "el Chino" or "the Chinese" as used by defendant FERNANDEZ in

text messages, in particular in Exhibit 169A.[3]  The Court was within

its discretion in sustaining the objection based on speculation, and

the jury was instructed to disregard the statement.

An officer's interpretation of intercepted calls or code words,

for example, is admissible lay opinion because it is based on the

officer's "direct knowledge of the investigation."  See <u>United States</u>

<u>v. Freeman</u>, 498 F.3d 893, 904-05 (9th Cir. 2007).  Once the

government has established a foundation for the evidence, "opinion

testimony regarding the meaning of statements" is admissible.  <u>Id</u>.

---

[3] Special Agent Hart had testified earlier in the trial that ATF
did an audit of Ronin Tactical in February 2017.  The audit report
shows that investigators met with defendant ARAO on February 14,
2017, and again on March 13, 2017, when investigators "conducted a
closing conference with Mr. Eddie Yasushiro ARAO [and] discussed the
Report of Violations (ROV) with Mr. Arao.  Mr. Arao signed and dated
the Acknowledgment of Federal Firearms Regulations reference page
along with the ROV."  (Exhibit A)  Eleven days later, on March 24,
2017, defendant FERNANDEZ told a gun customer (Camacho Jr.) that law
enforcement came, that this person is not doing paperwork, and that
he needs to "update some shit to be able to do paperwork."

### E.   Defendant ARAO's Accusations of Prosecutorial Misconduct During Rebuttal Lacked Merit

There is no prosecutorial misconduct when the government attempts to make a legally valid argument in rebuttal.  In examining allegedly improper comments by the prosecutor in rebuttal "[t]he prosecutors' comments must be evaluated in light of the defense argument that preceded it." Darden v. Wainwright, 477 U.S. 168, 179 (1986).  The government's statements in rebuttal here must be analyzed in the context of "defense counsel's opening salvo." United States v. Young, 470 U.S. 1, 12 (1985); see also United States v. Hui Hsiung, 778 F.3d 738, 746 (9th Cir. 2015) ("A prosecutor may respond in rebuttal to an attack made in the defendant's closing argument.").

Defense counsel's closing argument mischaracterized the government's closing and the evidence in the case.  First, defense counsel misquoted the government's argument in closing.  In closing, the government stated that the bottom line is that no one in the State of California is allowed to engage in the business of dealing in off-Roster firearms to the general public.[4]  Defense counsel instead mischaracterized this argument as no one is allowed to sell off-Roster firearms to the general public.  The key phrase missing from defense counsel's mischaracterization was "engage in the business of dealing."

Second, defense counsel argued to the jury that the audit report found no violations against defendant ARAO, or else the government

---

[4] An unlicensed individual who engages in the business of dealing in off-Roster firearms violates the federal law, 18 U.S.C. § 922(a)(1)(A), and a licensed business or FFL who engages in the business of dealing in off-Roster firearms to the general public violates the California law prohibiting the sale by licensed dealer of off-Roster firearms to the general public.

would have surely introduced the evidence at trial.  To the contrary, the audit report, dated February 14, 2017, found <u>six</u> types of violations, including: (1) "[f]ailure to report multiple sales or other disposition of pistols and revolvers in nine instances, totaling thirty-six (36) firearms"; (2) "[f]ailure to obtain properly completed ATF Form 4473"; (3) "[f]ailure to furnish all required information as indicated on the forms prescribed"; (4) "[f]ailure to make certain the transferor/seller completed all required items of Section D on ATF Form 4473"; (5) "[f]ailure to properly record the date the buyer's identifying information in Section A was transmitted to the appropriate State agency"; (6) "[f]ailure to properly record" certain purchaser information on the Form 4473, including 12 instances of incomplete information in Item 20a.  (Exhibit A, USAO_0013542-52)

Defense counsel argued that the audit found no violations, despite evidence produced in the case showing the opposite. Defendant ARAO asked the jury to make the inference that he complied with all ATF form requirements, demonstrating that he followed the law.  In response to this misleading argument, and consistent with its theory of the case, the government was entitled to argue that defendant ARAO knew his conduct was unlawful because his charged conduct violated more than one law.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant ARAO's motion for a curative instruction.