FILED
CLERK, U.S. DISTRICT COURT

NOV 20 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>CARLOS FERNANDEZ, and<br>EDWARD ARAO,<br><br>       Defendants. | No. CR 18-121(A)-SJO<br><br><u>JURY INSTRUCTIONS</u><br><br>*TRIAL* |

1

| No. | Title | Page |
|---|---|---|
| 1 | Duties of the Jury to Find Facts and Follow Law | 1 |
| 2 | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | 2 |
| 3 | Defendant's Decision Not to Testify | 3 |
| 4 | Reasonable Doubt - Defined | 4 |
| 5 | What Is Evidence | 5 |
| 6 | What Is Not Evidence | 6 |
| 7 | Direct and Circumstantial Evidence | 7 |
| 8 | Credibility of Witnesses | 8 |
| 9 | Limited Purpose Instruction | 9 |
| 10 | Activities Not Charged | 10 |
| 11 | Separate Consideration of Multiple Counts—Multiple Defendants | 11 |
| 12 | Statements by Defendant | 12 |
| 13 | Testimony of Witnesses Involving Special Circumstances - Immunity, Benefits, Accomplice, Plea | 13 |
| 14 | Opinion Evidence - Expert Witness | 14 |
| 15 | Demonstrative Items | 15 |
| 16 | Charts and Summaries Admitted into Evidence | 16 |
| 17 | Conspiracy - Elements (Count One) | 17 |
| 18 | Conspiracy - Knowledge of and Association With Other Conspirators | 19 |
| 19 | Firearms - Dealing Without a License | 20 |
| 20 | Conspiracy - Elements (Count Four) | 21 |
| 21 | Firearms - Unlawful Sale | 22 |
| 22 | Possession - Defined | 23 |

| No. | Title | Page |
|-----|-------|------|
| 23 | Knowingly - Defined | 24 |
| 24 | Aiding and Abetting | 25 |
| 25 | Firearms - False Statements | 27 |
| 26 | "On or About" - Explained" | 28 |
| 27 | Duty to Deliberate | 29 |
| 28 | Consideration of Evidence -- Conduct of the Jury | 30 |
| 29 | Use of Notes | 32 |
| 30 | Jury Consideration of Punishment | 33 |
| 31 | Verdict Form | 34 |
| 32 | Communication with Court | 35 |

COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

COURT'S INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1)  the sworn testimony of any witness;

(2)  the exhibits received in evidence; and

(3)  any facts to which the parties have agreed.

COURT'S INSTRUCTION NO. 6

In reaching your verdicts, you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION NO. 9

You heard testimony from witness Adalberto Pelayo and twice from Tolliver Hart.  I instruct you that the testimony of Adalberto Pelayo and the testimony of Tolliver Hart on the second occasion was admitted only for a limited purpose.

Defendant FERNANDEZ is charged with making false statements in a federal firearm licensee's record ("straw purchases") in violation of 18 U.S.C. § 924(a)(1)(A) and disposing of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d)(1).  You will hear evidence regarding his and others' conduct concerning these allegations.

Defendant ARAO is not charged with these two crimes.  He is only charged with conspiracy to deal in and the unlawful dealing in firearms without a license in violation of 18 U.S.C. § 371 and 922(a)(1)(A).  To the extent you heard any evidence regarding defendant ARAO during these witnesses' testimony, you are only to consider it for the limited purpose of the two crimes charged against defendant ARAO, and not for any other purpose.

COURT'S INSTRUCTION NO. 10

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

COURT'S INSTRUCTION NO. 11

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

COURT'S INSTRUCTION NO. 12

You have heard testimony that a defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO. 13

You have heard testimony from witnesses Adalberto Pelayo and Raul Cervantes Corona. These witnesses hope to receive, or have received, favored treatment from the government in connection with this case. Some of these witnesses admitted being accomplices to one or more of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

These witnesses pleaded guilty to a crime, or crimes, arising out of some of the same events for which the defendant is on trial. A cooperating witness's guilty plea is not evidence against the defendant, and you may consider it only in determining a witness's believability.

Because of the status of all of these witnesses, in evaluating their testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

13

COURT'S INSTRUCTION NO. 14

You have heard testimony from David Hamilton who testified to opinions and the reasons for his opinions.   This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. 15

During the trial, certain demonstrative items were shown to you in order to help explain the evidence in the case.  These demonstrative exhibits were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these exhibits and determine the facts from the underlying evidence.

1

COURT'S INSTRUCTION NO. 16

2     Certain charts and summaries have been admitted into evidence.

3 Charts and summaries are only as good as the underlying supporting

4 material.   You should, therefore, give them only such weight as you

5 think the underlying material deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 17

The defendants are charged in Count One of the indictment with conspiring to engage in the business of dealing in firearms without a license in violation of Section 371 of Title 18 of the United States Code.  In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 10, 2015, and ending on or about July 26, 2017, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment

17

1   as an object of the conspiracy with all of you agreeing as to the

2   particular crime which the conspirators agreed to commit.

3        One becomes a member of a conspiracy by willfully participating

4   in the unlawful plan with the intent to advance or further some

5   object or purpose of the conspiracy, even though the person does not

6   have full knowledge of all the details of the conspiracy.

7   Furthermore, one who willfully joins an existing conspiracy is as

8   responsible for it as the originators.  On the other hand, one who

9   has no knowledge of a conspiracy, but happens to act in a way which

10  furthers some object or purpose of the conspiracy, does not thereby

11  become a conspirator.  Similarly, a person does not become a

12  conspirator merely by associating with one or more persons who are

13  conspirators, nor merely by knowing that a conspiracy exists.

14       An overt act does not itself have to be unlawful.  A lawful act

15  may be an element of a conspiracy if it was done for the purpose of

16  carrying out the conspiracy.  The government is not required to

17  prove that the defendant personally did one of the overt acts.

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 18

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

COURT'S INSTRUCTION NO. 19

Defendant Fernandez is charged in Count Two of the indictment with dealing firearms without a license.  Defendant Arao is charged in Count Three of the indictment with dealing firearms without a license, in violation of Section 922(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was willfully engaged in the business of dealing in firearms within the dates specified in the indictment; and

Second, the defendant did not then have a license as a firearms dealer.

The term "engaged in the business" means, as applied to a dealer in firearms, a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

Willfully, as used in this statute, requires proof that the defendant knew that his conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement.

COURT'S INSTRUCTION NO. 20

Defendant Fernandez is charged in Count Four of the indictment with conspiring to dispose of a firearm to a prohibited person and conspiring to make a false statement during the purchase of a firearm, in violation of Section 371 of Title 18 of the United States Code.  In order for defendant Fernandez to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 29, 2016, and ending on or about December 27, 2017, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The additional instructions on conspiracy in instructions 20 and 21 as to Count One also apply as to Count Four.

COURT'S INSTRUCTION NO. 21

Defendant Fernandez is charged in Count Seven of the indictment with disposing of a firearm to a prohibited person in violation of Section 922(d) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly disposed of a Colt .38 Super caliber firearm with serial number 27057LW to Oscar Maravilla Camacho, Jr. ("Camacho Jr."); and

Second, the defendant knew or had reasonable cause to believe that Camacho Jr. was a felon.

A felony is defined as a crime punishable by imprisonment for a term exceeding one year.

The term "dispose of" means to transfer a firearm so that the transferee acquires possession of the firearm.

COURT'S INSTRUCTION NO. 22

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of a firearm if each knows of its presence and has the power and intention to control it.

COURT'S INSTRUCTION NO. 23

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO. 24

As to Counts Ten and Eleven, defendant Fernandez may be found guilty of making a false statement during the purchase of a firearm, even if defendant Fernandez personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.  To prove defendant guilty of making a false statement during the purchase of a firearm by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of making a false statement during the purchase of a firearm;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of making a false statement during the purchase of a firearm.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge

1   when the defendant still had a realistic opportunity to withdraw

2   from the crime.

COURT'S INSTRUCTION NO. 25

Defendant Fernandez is charged in Counts Ten and Eleven of the indictment with aiding and abetting a false statement in a federal firearm licensee's records during the purchase of a firearm, in violation of Section 924(a)(1)(A) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, a person made a false statement or representation;

Second, the statement was made in a record that a licensed firearms dealer was required to maintain;

Third, the dealer was a federally licensed firearms dealer at the time the statement was made; and

Fourth, the person knew the statement was false.

COURT'S INSTRUCTION NO. 26

The Indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

COURT'S INSTRUCTION NO. 27

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. 28

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.

1   If any juror is exposed to any outside information, please notify

2   the court immediately.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 29

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NO. 30

The punishment provided by law for these crimes is for the Court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1                    COURT'S INSTRUCTION NO. 31

2          A verdict form has been prepared for you.  This verdict form

3     will require you to follow the directions on these forms and make

4     certain findings that I have previously referenced during these

5     instructions.  After you have reached unanimous agreement on your

6     verdicts, your foreperson should complete the verdict form according

7     to your deliberations, sign and date it, and advise the bailiff that

8     you are ready to return to the courtroom.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.